```
 1                 IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
 2                           EASTERN DIVISION

 3   DERELL PRUITT, et al.,          ) Docket No. 16 CV 5079
                                     )
 4           Plaintiffs,             )
                                     ) Chicago, Illinois
 5              vs.                  ) July 19, 2016
                                     ) 9:00 o'clock a.m.
 6   PERSONNEL STAFFING GROUP, LLC,  )
     doing business as MVP, et al.,  )
 7                                   )
             Defendants.             )
 8
                   TRANSCRIPT OF PROCEEDINGS - Motion
 9            BEFORE THE HONORABLE SAMUEL DER-YEGHIAYAN

10   APPEARANCES:
     For the Plaintiffs:       WORKERS' LAW OFFICES PC
11                             BY:  MR. CHRISTOPHER J. WILLIAMS
                               53 West Jackson Boulevard
12                             Suite 701
                               Chicago, Illinois  60604
13
     For Personnel Staffing,
14      Visual, C&D, and
        Metropolitan:          KOREY RICHARDSON LLC
15                             BY:  MS. BRITNEY ZILZ
                               20 South Clark Street
16                             Suite 500
                               Chicago, Illinois  60603
17
     For Segerdahl:            FREEBORN & PETERS
18                             BY:  MS. RACHEL E. ATTERBERRY
                               311 South Wacker Drive
19                             Suite 3000
                               Chicago, Illinois  60606
20
     For Medline:              COZEN O'CONNOR
21                             BY:  MS. ALEXANDRA G. WRIGHT
                               123 North Wacker Drive
22                             Suite 1800
                               Chicago, Illinois  60606
23
                   Laura LaCien, CSR, RMR, CRR
24                    Official Court Reporter
               219 South Dearborn Street, Suite 1902
25                   Chicago, Illinois  60604
                          (312) 408-5032
```

```
 1        (The following proceedings were had in open court:)
 2            COURTROOM DEPUTY:  16 C 5079, Pruitt versus
 3   Personnel Staffing.
 4            MR. WILLIAMS:  Good morning, your Honor.  Chris
 5   Williams here on behalf of the plaintiff.
 6            MS. ATTERBERRY:  Good morning.  Rachel Atterberry on
 7   behalf of defendant Segerdahl Corporation.
 8            MS. ZILZ:  Good morning, your Honor.  Britney Zilz
 9   on behalf of defendants Personnel Staffing Group, the Visual
10   Pak Company, C&D Recycling, LLC, and Metropolitan Graphic
11   Arts.
12            MS. WRIGHT:  Alexandra Wright on behalf of Medline
13   Industries.
14            THE COURT:  Okay.  As to -- you said Personnel
15   Staffing Group.  Who else are you representing?
16            MS. ZILZ:  Visual Pak Company, C&D Recycling and
17   Metropolitan Graphics Arts.
18            THE COURT:  Slow down, slow down.  I'm not that
19   fast.
20            MS. ZILZ:  I'm sorry, your Honor.
21            THE COURT:  And then Metropolitan Graphics you said?
22            MS. ZILZ:  Yes, your Honor.
23            THE COURT:  Okay.  So Medline is represented.  All
24   the others are represented.  How about Georgia Nut Company?
25            MS. ZILZ:  Your Honor, I have not been in contact
```

1  with their counsel.  I do know there is another case
2  involving the same plaintiffs in a different type of claim
3  where they have -- they are represented by separate counsel.
4  I have not had contact with them on this case.
5          THE COURT:  So in this case, the only counsel or
6  only party we don't have in court is Georgia Nut Company?
7          MR. WILLIAMS:  That's correct.
8          THE COURT:  Okay.  I just wanted to make sure I have
9  all the parties.  Okay.  Were they served?
10         MR. WILLIAMS:  Yes.  I believe they executed the
11 waiver of service.  I will contact them.  I think, as counsel
12 said, there may be some confusion between this case and a
13 wage-and-hour case in which they're also named as a
14 defendant.
15         THE COURT:  Okay.  I mean, there's lots of motions
16 here but really all it boils down to is one thing, there's --
17 defendants are asking to basically strike the class
18 allegations and also sever the claims and obviously there's
19 another motion to extend the answer pleading by Segerdahl,
20 right?
21         MS. ATTERBERRY:  Correct.  And, Judge, we do intend
22 to move to dismiss as well as the other defendants have
23 done.
24         THE COURT:  So you just are waiting until like
25 August 8th?

```
 1             MS. ATTERBERRY:  Correct.  We wanted to have a
 2   chance to evaluate the motion that was filed to see if we
 3   wanted to just join.  I anticipate that we will join but may
 4   have a few additional arguments on behalf of our client that
 5   we would like to file as well.
 6             THE COURT:  Obviously the issue before me is whether
 7   five plaintiffs can bring an action against five different
 8   defendants in one lawsuit.  That's what I'm kind of looking
 9   at, counsel for plaintiff.
10             MR. WILLIAMS:  Yeah, and --
11             THE COURT:  Because this is an employment
12   discrimination case and it's kind of very rare that you
13   have --
14             MR. WILLIAMS:  Well, it's a rare industry.  So this
15   case involves the temporary staffing agency, Personnel
16   Staffing Group, and I know you know about temporary -- we've
17   had temporary staffing agencies before you, so.
18             THE COURT:  We have had.  I have dealt with
19   temporary staffing for 40 years probably, so.
20             MR. WILLIAMS:  Right.  So, you know, our view -- and
21   if your Honor would prefer, we can brief this.  But our view
22   is that we're talking about one company, one branch office of
23   that company Personnel Staffing Group doing MVP -- they do
24   business as MVP -- one branch office of that company which
25   creates a labor pool that then contracts out to -- assigns
```

1   out to all of their various client companies.  So really,
2   this is a case against Personnel Staffing Group which is the
3   hub and the client companies are the spokes.  And so we --
4   what we are proposing is that we have a class action with
5   subclasses as to various client companies.  They make a big
6   deal about how we don't specify who is assigned here, what is
7   not assigned there.
8           The issue here is we're alleging that African
9   Americans were not assigned or if they were assigned they
10  were the last resort and that -- that either MVP was itself
11  discriminating or was responding to discriminatory requests
12  from his client companies.
13          THE COURT:  Well, when you say MVP --
14          MR. WILLIAMS:  That's Personnel Staffing Group, LLC.
15  They do business --
16          THE COURT:  You're just using the MVP acronym?
17          MR. WILLIAMS:  Yes.
18          THE COURT:  Okay.  I know that we have lots of cases
19  here and I don't want to hold other lawyers.  We might need a
20  briefing; we might not.  I just wanted to briefly kind of
21  bring the subject matter to your attention that it's kind of
22  rare.  I don't know whether each of the named plaintiffs had
23  the same dealings with each of these defendants.  You know,
24  they're lumped in together.  I don't know when and what
25  skills they had, what was their referral, what was their

1  potential assignment.
2          It might boil down -- and I'd be telling you up
3  front here that you might have to pick -- I haven't made a
4  decision yet obviously but you might have to pick one of
5  these named plaintiffs in this action and file separate
6  actions by the other plaintiffs.  I might still end up
7  getting the case.  I don't know how the Clerk's office does.
8  I don't mind having cases assigned to me if that's what they
9  do but it might come down to that.
10         MR. WILLIAMS:  Judge, if I may.
11         THE COURT:  Yeah.
12         MR. WILLIAMS:  The issue there -- and certainly if
13 you decide to sever the claims, we would bring five actions
14 and then probably move to consolidate them because the
15 discovery is all about Personnel Staffing Group and we would
16 not name one plaintiff per client company because all of them
17 suffered the same thing.  They were not assigned -- you know,
18 it's a day-to-day assignment, the basis of the day-to-day
19 assignment.
20         It's not the first case we've had against Personnel
21 Staffing Group.  That is a Waukegan branch office.  We've
22 been engaged in litigation against their Chicago-based
23 office.  In that case -- and again, we haven't gotten into
24 discovery -- they raised exactly these same issues, motions
25 to dismiss, motion to sever, et cetera, motion to strike

1   class allegations.  Judge Tharp -- Judge Chang, at the time;
2   now Judge Ellis -- had denied those motions.  We've been
3   doing discovery and establishing that.
4           Each of them, each of the plaintiffs suffered the
5   same thing in that on days when they're available to work,
6   they put their name into the hat to be assigned out by MVP,
7   they were not assigned to each of these client companies and
8   that's the issue.  It's in the negative.
9           THE COURT:  But are those client companies involved
10  in this non-assignment?
11          MR. WILLIAMS:  Yes.
12          THE COURT:  Did they call them and say, hey, don't
13  assign that person to me?
14          MR. WILLIAMS:  So, your Honor -- and this -- now
15  we're going into a level of detail which is probably easier
16  to brief it because I don't want to take up the whole
17  morning, which I could.
18          THE COURT:  Correct.  Let's brief the issue, okay.
19  So all these motions to basically strike the class altogether
20  or allegations and sever claims, how much time would you like
21  to answer that?
22          MR. WILLIAMS:  The only question I would have as
23  counsel for Segerdahl mentioned, they may be adding some --
24          MS. ATTERBERRY:  We may add a few additional
25  arguments to what's already been filed.  The majority of

```
 1  defendants have just joined on to what MVP filed.
 2          THE COURT:  Okay.  Why don't I do this then, you're
 3  going to file yours by August 8th?
 4          MS. ATTERBERRY:  Correct.
 5          THE COURT:  Okay.  I'll let you file it by August
 6  8th.  And then once she files that, after August 8th, how
 7  much time would you like to --
 8          MR. WILLIAMS:  Can we have 28 days given --
 9          THE COURT:  After that date, okay.
10          MR. WILLIAMS:  -- given the number of --
11          THE COURT:  So by September 6th file your answer.
12  How much time to reply?
13          MS. ZILZ:  Your Honor, just one point of
14  clarification.  Defendant Visual Pak has also not filed a
15  responsive pleading.  Their deadline is also August 8th so we
16  are currently evaluating to see if we will need to address
17  any other specific arguments as to Visual Pak.  I do not
18  anticipate --
19          THE COURT:  So you're representing Visual Pak,
20  correct?
21          MS. ZILZ:  Correct, your Honor.
22          THE COURT:  Okay.  So you'll file it by August 8th?
23          MS. ZILZ:  Yes, your Honor.
24          THE COURT:  That's fine.  So still it's the same
25  dates.
```

```
 1              MS. ZILZ:  Correct.  I just --
 2              THE COURT:  Okay.  Why don't you do that?
 3              MS. ZILZ:  If we could have 21 days to reply, your
 4   Honor.
 5              THE COURT:  The only thing I'm concerned about is
 6   all of the sudden Georgia Nut jumps in.  Will you find out,
 7   counsel --
 8              MS. ZILZ:  Yes.
 9              THE COURT:  -- since it seems like you have the
10   majority of the defendants, can you find out about Georgia
11   Nut?
12              MS. ZILZ:  Yes.
13              THE COURT:  And if they're going to, then they
14   should do it by August 8th also.  Okay?  So did you ask 28
15   days for the reply?
16              MS. ZILZ:  21, your Honor.
17              THE COURT:  21?
18              MS. ZILZ:  Yes, your Honor.
19              THE COURT:  Okay.  So that will get us to September
20   27th.  I'll set a status for November 30 and hope to rule on
21   that.
22              MS. ATTERBERRY:  Judge, I noticed in the docket
23   scheduled for 7-21, Medline was going to move to join the
24   motions to dismiss.  I'm wondering if we should strike that.
25   I believe she noticed it up for presentment.
```

```
 1            MS. WRIGHT:  Yeah.  We filed our motion yesterday so
 2   it's noticed for presentment on Thursday.
 3            THE COURT:  Yes, cancel that notice.  We've already
 4   given dates.
 5            MS. ZILZ:  And, your Honor, as a procedural matter,
 6   given that we have a motion to sever claims and to strike
 7   class allegations, the scope of discovery may necessarily
 8   be -- very much have changed depending on your ruling.  We
 9   are presently scheduled for a status on August 11th with
10   respect to discovery.  We would request that discovery be
11   stayed pending these motions simply so that we could have the
12   scope of discovery defined throughout.
13            THE COURT:  I didn't set any discovery dates, did I?
14            MS. ATTERBERRY:  No.  I believe the 8-11 was the
15   initial status date.
16            MS. WRIGHT:  Oh, my apologies.
17            THE COURT:  Initial status date is stricken.
18            MS. ATTERBERRY:  That one is stricken?
19            THE COURT:  Yeah.
20            MS. ATTERBERRY:  Thank you.
21            THE COURT:  Sure.  Nothing is going to move until we
22   rule on this issue.
23            MS. ZILZ:  Thank you, your Honor.
24            MR. WILLIAMS:  Thank you, your Honor.
25            MS. ATTERBERRY:  Thank you.
```

1   THE COURT: Thanks.
2   (Which concluded the proceedings in the above-entitled
3   matter.)
4                    C E R T I F I C A T E
5   I hereby certify that the foregoing is a transcript
6   of proceedings before the Honorable Samuel Der-Yeghiayan on
7   July 19, 2016.
8
9   */s/Laura LaCien*
    _____           July 29, 2016
10  Laura LaCien                           Date
    Official Court Reporter
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25