IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DERELL PRUITT, et al., )
)
        Plaintiffs, )
)
v. ) No. 16 C 5079
)
PERSONNEL STAFFING GROUP, LLC, )
et al., )
)
        Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant The Segerdahl Corp.'s (Segerdahl), Defendant Visual Pack Company's (Visual), Defendant Medline Industries, Inc.'s (Medline), Defendant Georgia Nut Company's (Georgia Nut) (collectively referred to as "Defendants") partial motion to dismiss. For the reasons stated below, the partial motion to dismiss is denied.

## BACKGROUND

Plaintiffs have alleged that they are African-American laborers who obtained employment through Defendant Personnel Staffing Group, LLC d/b/a MVP (MVP), which is a temporary staffing agency. Plaintiffs were allegedly assigned to work at Segerdahl, Visual, Medline, Georgia Nut, Defendant C&D Recycling, LLC (C&D),

1

and Defendant Metropolitan Graphic Arts, Inc. (MGA) (collectively referred to as "Client Companies"). Plaintiffs allege that beginning in May 2012, MVP would assign Hispanic laborers to work at the Client Companies even though Plaintiffs and other African-American laborers applied for the assignments first and were qualified for the assignments. Plaintiffs allege that MVP was acting pursuant to the requests of the Client Companies to assign Hispanic laborers instead of African-American laborers. Plaintiffs also contend that on occasions when MVP assigned African-American laborers to work at the Client Companies, after being transported to work sites, supervisors of the Client Companies would select all the Hispanic laborers to work before selecting any African-American laborers.

Plaintiffs include in their second amended complaint a claim brought against MVP alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.* (Count I), a Title VII disparate impact claim brought against MVP (Count II), a race discrimination claim brought against MVP pursuant to 42 U.S.C. § 1981 (Section 1981) (Count III), Section 1981 claims brought against MVP and Segerdahl (Count IV), Section 1981 claims brought against MVP and Visual (Count V), Section 1981 claims brought against MVP and Medline (Count VI), Section 1981 claims brought against MVP and Georgia Nut (Count VII), Section 1981 claims brought against MVP and C&D (Count VIII), Section 1981 claims brought against MVP and MGA (Count IX), a Title VII disparate treatment race discrimination claim brought against Segerdahl (Count X), a

Title VII adverse impact race discrimination claim brought against Segerdahl (Count XI), a Title VII disparate treatment race discrimination claim brought against Visual (Count XII), a Title VII adverse impact race discrimination claim brought against Visual (Count XIII), a Title VII disparate treatment race discrimination claim brought against Georgia Nut (Count XIV), a Title VII adverse impact race discrimination claim brought against Georgia Nut (Count XV), a Title VII disparate treatment race discrimination claim brought against MGA (Count XVI), and a Title VII adverse impact race discrimination claim brought against MGA (Count XVII). Defendants now move to dismiss the Section 1981 claims brought against them.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir.

2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

Defendants argue that the Section 1981 claims are time-barred. For a Section 1981 claim based on conduct that occurred prior to the formation of the contract, there is a two-year statute of limitations and for a Section 1981 claim based on conduct that accorded after the formation of the contract there is a four-year statute of limitations. *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 269 (7th Cir. 2004); *see also Adam v. Obama for Am.*, 2016 WL 5404607, at *9 (N.D. Ill. 2016)(stating that "[a] four-year statute of limitations applies to Section 1981 claims regarding the performance and enjoyment of current contracts, whereas a two-year statute of limitations applies to Section 1981 claims regarding interference with prospective contracts"); *Williams v. Tradewinds Servs., Inc.*, 2013 WL 832405, at *8 (N.D. Ind. 2013)(stating that for a Section 1981 claim, the plaintiff "must bring the

4

claim within two years if it arises out of the pursuit of employment and within four years if the claim is based on post-hire conduct").

Defendants argue that Plaintiffs' Section 1981 claims are premised on pre-contract conduct that was not within the two-year statute of limitations. and are untimely. Plaintiffs concede that their claims do not fall within a two-year statute of limitations, but argue that the four-year statute of limitations period is applicable. Plaintiffs contend that the wrongful conduct alleged in this case relates to the assignment of Plaintiffs to jobs after a contractual relationship with MVP was formed, not to the hiring of Plaintiffs for jobs by Defendants. Defendants point out that in the second amended complaint, Plaintiffs repeatedly allege that there were "discriminatory practices in hiring," not in assigning Plaintiffs. (SA Compl. Par. 98, 106, 114, 122). Defendants argue that Plaintiffs are bound by the precise words they chose to use in the second amended complaint. In determining the claims pled by Plaintiffs, however, their pleading must be viewed as a whole. The substance of Plaintiffs' allegations is more than pinpointing one word in the pleading. Plaintiffs set forth a series of facts relating to their work for MVP as temporary laborers and their alleged assignment to jobs for Defendants. The use of the phrase "practices in hiring" in the factual allegations is not dispositive when assessing the legal issue of when and if a contractual relationship was formed. Plaintiffs allege that MVP assigned Plaintiffs to positions with Defendants. Plaintiffs also allege that MVP made the assignments with assistance of Defendants. (SA Compl. Par. 24-27, 100,

5

108, 116, 124, 132, 140). Defendants' alleged active participation could also potentially bring them within the contractual relationship formed with MVP at the time of the assignments. When and if a contractual employment relationship was formed between Plaintiffs and Defendants is a legal issue apart from the factual allegations pled in the second amended complaint. The facts as a whole set forth in the second amended complaint suggest that alleged misconduct by Defendants may have occurred after the formation of a contract. It is premature at this juncture, in the absence of facts and evidence relating to Plaintiffs' contractual relationship, to resolve the issue of if and when a contractual relationship was formed. Therefore, Defendants' partial motion to dismiss is denied. If after conducting discovery Defendants believe that the two-year statute of limitations applies in this matter to the Section 1981 claims and that the claims are untimely, Defendants may renew this argument at the summary judgment stage.

## CONCLUSION

Based on the foregoing analysis, Defendants' partial motion to dismiss is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 23, 2017