# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DERELL PRUITT, RONALD PETERSON, PAUL FLANAGAN, PLAZ HALL MURDOCK-ALEXANDER, JR. and JASMINE COX, on behalf of themselves and other similarly situated laborers, <br><br> Plaintiffs, <br><br> v. <br><br> PERSONNEL STAFFING GROUP, LLC d/b/a MVP, THE SEGERDAHL CORP., VISUAL PAK COMPANY, MEDLINE INDUSTRIES, INC., GEORGIA NUT COMPANY, C&D RECYCLING, LLC and METROPOLITAN GRAPHICS ARTS, INC., <br><br> Defendants. | Case No. 16 C 5079 <br><br> Judge Der-Yeghiayan <br><br> Magistrate Judge Finnegan |

## DEFENDANT PERSONNEL STAFFING GROUP, LLC'S AMENDED ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant PERSONNEL STAFFING GROUP, LLC d/b/a MOST VALUABLE PERSONNEL ("MVP") by and through its undersigned counsel, hereby provides amended answers and objections to the First Set of Interrogatories (the "Interrogatories") propounded by Plaintiffs, and states as follows:

### General Objections

Each and every response to the Interrogatories is made subject to the following General Objections, regardless of whether a specific objection is stated in the answer. The assertion of a specific objection in an answer to a particular interrogatory is not intended to constitute a waiver of General Objections that are not specifically stated in the answer.

1.      MVP objects to the Interrogatories to the extent that the Interrogatories, or the definitions and instructions related thereto, purport to impose any obligation on MVP beyond those requirements set forth in the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of Illinois.

2.      MVP objects to the Interrogatories to the extent that the Interrogatories, or the definitions and instructions related thereto, call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity under federal or state statutory, constitutional, or common law (collectively, "privilege"). Nothing contained in these answers is intended to be, or should be construed as, a waiver of any privilege. To the extent any information which is properly subject to any such privilege is inadvertently disclosed, such inadvertent disclosure is not to be, nor should be construed as, a waiver of such privilege. MVP reserves the right to object at any time before or at trial to the introduction or the use of any privileged information or documents that are revealed or produced inadvertently.

3.      MVP objects to the Interrogatories to the extent that the Interrogatories, or the definitions and instructions related thereto, contain vague, ambiguous, undefined or argumentative terms, and to the extent that they assume disputed facts or legal conclusions in connection with the information requested. MVP hereby denies all such disputed facts and legal conclusions.

4.      MVP objects to the Interrogatories to the extent that the Interrogatories, or the definitions and instructions related thereto, purport to require disclosure of information (i) already in Plaintiffs' possession, custody or control; (ii) readily obtainable from the public domain; (iii) available to Plaintiffs from a more convenient, less burdensome, or less costly

source than MVP; or (iv) not in MVP's actual possession, custody or control, on the grounds that such Interrogatories are overly broad and unduly burdensome.

5.     MVP objects to the Interrogatories to the extent that the Interrogatories, or the definitions and instructions related thereto, purport to require MVP to disclose confidential or personal information. MVP will disclose such information only to the extent that it is relevant to any claim or defense of a party to this lawsuit, and subject to a proper protective order.

6.     MVP objects to the Interrogatories to the extent that the Interrogatories, or the definitions and instructions related thereto, either are not limited by any time period or seek information related to the time period prior to May 9, 2014, on the grounds that such requests are overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and outside the permissible statute of limitations period under Section 1981 and *Dandy v. United Parcel Service, Inc.*, 388 F.3d 263 (7th Cir. 2004).

7.     MVP objects to the Interrogatories to the extent the Interrogatories, or the definitions or instructions related thereto, ask for information and documents related to MVP's clients other than those named in the Second Amended Complaint, as such Interrogatories are overbroad, unduly burdensome, not relevant, improper, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

8.     MVP objects to the Interrogatories to the extent that the Interrogatories, or the definitions and instructions related thereto, are in any other respect overly broad, unduly burdensome, cumulative, or not reasonably calculated to lead to the discovery of admissible evidence.

9.     MVP responds to the Interrogatories based upon information presently available to it that it has been able to identify through reasonable efforts. In answering Interrogatories,

MVP reserves, and expressly does not waive, the right to present or rely upon subsequently developed legal theories or additional information discovered, obtained, or inadvertently omitted at this time.

10.     MVP reserves the right to supplement or amend any of its answers to the Interrogatories, and to object to the admissibility of any documents or information produced in response thereto. MVP provides these answers without conceding the relevancy, materiality, competency, or admissibility of the subject matter of any document or information disclosed in response to these Interrogatories. MVP also reserves the right to assert additional objections to the Interrogatories, or any other requests for information, if such additional objections become apparent in the future.

## SPECIFC ANSWERS AND OBJECTIONS

**Interrogatory No. 1:**

Describe Defendant's corporate structure and identify all officers and directors that Defendant has or has had in the ten (10) years prior to this lawsuit being filed. For each such person, state his/her:
  a.  Name;
  b.  Address;
  c.  Position (state the dates each person held such position); and
  d.  Duties

**ANSWER:**

MVP objects to this interrogatory as overly broad, unduly burdensome, irrelevant, vague, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidences. Subject to and without waiving these objections, MVP states that it is a limited liability company organized under the laws of the State of Florida and that it is admitted to transact business in Illinois. MVP further states the following individuals have been the officers of MVP from the period of 2012 to the present:

- Daniel Barnett, CEO of Personnel Staffing Group, LLC d/b/a Most Valuable Personnel. Mr. Barnett oversees the operations of MVP.
- Elijah E. Wilde, President of Personnel Staffing Group, LLC d/b/a Most Valuable Personnel. Mr. Wilde oversees risk management, sales and human resources.
- Steve Majkowski, CFO of Personnel Staffing Group, LLC d/b/a Most Valuable Personnel. Mr. Majkowski oversees finance and accounting.

Each of the above-named individuals may be reached through MVP's counsel.

**Interrogatory No. 2:**

State the name, address, title, and duty of the person or persons who answered or assisted in answering these interrogatories and accompanying Request for Production of Documents and the specific interrogatory or Request for Production that each such person had knowledge of or assisted in answering.

**ANSWER:**

MVP objects to this Interrogatory to the extent it seeks the disclosure of information protected by the attorney-client privilege or work product doctrine. MVP further objects to the phrase "each such person had knowledge of" as vague. Subject to and without waiving these objections, MVP states that Elijah Wilde, President of MVP, Nathanael Wilde, HR Director of MVP, and Barbara Empen, Vice President of Human Resources of MVP, consulted with MVP's undersigned attorneys to prepare these Answers to Interrogatories and MVP's Responses and Objections to Plaintiffs' First Request for Production of Documents.

**Interrogatory No. 3:**

For the Section 1981 SOL Period, identify all of Defendant's policies and practices relating to the creation, maintenance, retention and destruction of the following types of records:
a. Personnel files of laborers who applied and/or sought work assignments through Defendant;
b. Time and payroll records required to be maintained by Defendant pursuant to the FLSA, IMWL and/or IWPCA;
c. Job applications and/or pre-applications of laborers required to be maintained by Defendant pursuant to 2.29 CFR Part 1602;
d. Records required to be maintained by Defendant pursuant to Sections 10, 12 and 30 of the IDTLSA, 820 ILCS 175/10, 12 and 30.
e. Sign-in sheets at Defendant's dispatch offices;
f. Contracts with third party client companies;

    g.  Video recordings of Defendant's facility or operation; and

    h.  Communications, including but not limited to:

        i.    Notes and minutes from meetings;

       ii.    Letters and/or emails; and

      iii.    Voicemails and, if applicable, voicemails sent to an email account.

**ANSWER:**

MVP objects to this Interrogatory as overbroad and unduly burdensome, as "all policies and practices" is facially overbroad. MVP further objects to this Interrogatory as compound, vague, calling for a legal conclusion, not reasonably limited in time and/or scope, and not relevant. MVP further states that any answer to this Interrogatory is not an admission that any documents referred to in this Interrogatory are required to be maintained by law. Subject to and without waiving the foregoing objections, *see* MVP 1, the record retention policy used by the Waukegan branch in 2015, and MVP 2-4, MVP's present record retention policy (effective February 1, 2016). MVP further states that, prior to the implementation of the formal record retention policy, the following were MVP's general, informal practices:

    a.  Personnel files of laborers were maintained in paper format for seven years and are kept in TempsPlus electronically;

    b.  MVP maintains time and payroll records in TempsPlus indefinitely;

    c.  Job applications submitted by laborers are kept in paper format and stored at an off-site facility;

    d.  MVP objects to Subpart (d) of this Interrogatory as calling for a legal conclusion. MVP further states that records of where a laborer is sent on work assignments, the amount of time a laborer works, whether there are deductions in laborers' pay, and all wage assignment and payroll records are maintained electronically.

    e.  MVP had no policy or practice regarding the creation, maintenance, retention, and/or destruction of sign-in sheets at MVP's dispatch offices. MVP states that although it is aware that its dispatchers used sign in sheets sporadically in the past, it never had a policy or practice regarding the creation, maintenance, retention, and/or destruction of such sign in sheets. MVP further states that in late 2012, in an effort to move to an electronic dispatch system, MVP instructed its branch managers and dispatchers to stop the use of sign in sheets. Accordingly, MVP states that no sign in sheets should have been used by MVP's dispatch offices since that time.

    f.  MVP had no policy or practice regarding the creation, maintenance, retention, and/or destruction of contracts with third party client companies; contracts with third party client companies are maintained in hardcopy or electronic format.

g. MVP has no policy or practice regarding the creation, maintenance, retention, and/or destruction of video recordings of MVP's facility or operation.

h. MVP has no policy or practice regarding the creation, maintenance, retention, and/or destruction of communications.

MVP further states that its investigation is ongoing and reserves the right to supplement its response to this Interrogatory in accordance with the Federal Rules of Civil Procedure.

**Interrogatory No. 4:**

For the Section 1981 SOL Period, identify and describe all software, database and other filing systems used to create, collect, store, and preserve personnel information on its applicants, employees, and former employees, as well as records required to be maintained by Defendant pursuant to the FLSA, IMWL, IWPCA, IDTLSA and/or 2.29 CFR Part 1602, including, but not limited to, (1) records of work assignments and time worked by laborers; (2) records of compensation paid and/or benefits earned by laborers; (3) records of job applications and/or pre-applications of laborers; and/or (4) sign in sheets, work tickets, work assignment records of laborers and/or security logs. For each database, identify and describe:

a. The type of information in the database.
b. The fields of the database
c. The time period of data stored in the database.
d. The type and version of software that operates the database.
e. The number of individuals whose personnel information is in the database.
f. The number of individuals whose personnel information is associated with each Third Party Client Company identified in the database.

**ANSWER:**

MVP objects to this Interrogatory as overbroad, unduly burdensome, calling for a narrative more appropriately asked at a deposition, compound, vague, calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and calling for a legal conclusion. MVP further objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP further objects to this Interrogatory to the extent that it seeks information regarding MVP's other third party client companies, other than those named in the Second Amended Complaint and other branch locations, other than the Waukegan branch office, as they are not the subject matter of this litigation.

Subject to and without waiving the foregoing objections, MVP states that it uses the software system TempsPlus during the relevant time period to maintain records of work assignments, time worked by laborers, and compensation and/or benefits paid to laborers. As of the submission of the answers to these Interrogatories, MVP uses and has used the software system TempsPlus Version 4.1.156 to maintain records of work assignments, time worked by laborers, and compensation and/or benefits paid to laborers. MVP further maintains and utilizes the following fields in the TempsPlus database regarding its employees: (a) Name; (b) MVP ID Number; (c) Entry Date; (d) Status of Job Assignment; (e) Location ID; (f) Address; (g) Telephone Number; (h) Social Security Number; (i) Exemptions; (j) I9/W4; and (k) Tax Jurisdiction. MVP utilizes an "email" field in the TempsPlus database when such information is provided by an MVP employee and its dispatchers have, on a rare occasion, utilized a "Memo" field. The TempsPlus database further maintains work and payroll information for each employee. MVP additionally incorporates its answer to Interrogatory No. 3 herein. MVP further states *see* MVP 5 – MVP 240.

**Interrogatory No. 5:**

For the Section 1981 SOL Period, identify all agreements and/or communications between Defendant and its Third Party Client Companies for the provision of hourly laborers, including agreements to provide laborers that had special qualifications or characteristics (and any coding system used to track such qualifications or characteristics) and/or any other pre- requisites for assignment to such Third Party Client Companies including, but not limited to, criminal background checks, drug tests or employment eligibility verification (through a program such as E-Verify or SSNVS) and/or to terminate the provision of any specific laborers or group of laborers, including, but not limited to "DNRs" (Do Not Returns).

**ANSWER:**

MVP objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as the Interrogatory seeks identification of "all agreements and/or communications," which is facially overbroad and

unduly burdensome. MVP further objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP further objects to this Interrogatory as vague and compound, as it is not clear the exact subject of documents for which Plaintiffs seek identification. MVP further objects to this Interrogatory to the extent it requests information relating to client companies of MVP other than those named in the Second Amended Complaint, for information about MVP other than MVP's Waukegan branch office, and seeks information outside the scope of the allegations in the Second Amended Complaint. Subject to and without waiving the foregoing objections, MVP, pursuant to Federal Rule of Civil Procedure 33(d), states *see* MVP 241 – MVP 253. MVP further states that its investigation is continuing, and reserves the right to supplement its answer to this Interrogatory pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

**Interrogatory No. 6:**

For the Section 1981 SOL Period, identify any credit reporting agency, drug testing company and employment eligibility verification program or vendor used by Defendant run checks on laborers seeking assignments with Defendant.

**ANSWER:**

MVP objects to this Interrogatory as overbroad, unduly burdensome, vague, and calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. MVP further objects to this Interrogatory to the extent that it seeks information regarding MVP's other third party client companies, other than those named in the Second Amended Complaint, and regarding MVP's practices outside of the Waukegan branch office. Lastly, MVP objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014.

**Interrogatory No. 7:**

For the Section 1981 SOL Period, describe Defendant's hiring process of laborers at any of Defendant's Appropriate Branch Offices, including, but not limited to, any tests, applications, references, etc. and/or any other requirements to be considered an employee of Defendant as well as Defendant's policy regarding how long a laborer's application stays on file and when a new application from a laborer is required, including any changes in Defendant's policies or practices and the date of such changes.

**ANSWER:**

MVP objects to this Interrogatory as overbroad, unduly burdensome, vague, compound, and irrelevant. MVP further objects to this Interrogatory to the extent that it seeks information regarding MVP's other third party client companies, other than those named in the Second Amended Complaint. MVP further objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP further objects to this Interrogatory to the extent it asks about MVP's policies and practices of branch offices other than the Waukegan branch office, as they were not the subject of the present litigation. Subject to and without waiving the foregoing objections, MVP states that there was no specific hiring process for a laborer seeking employment. Instead, the hiring process of each laborer was highly individualized, subject to a number of factors, including but not limited to: (a) the availability of work assignments at particular client companies on any given day; (b) the date on which the laborer is present at MVP's office; (c) the time of day the laborer is at MVP's office; (d) the length of time a laborer is at MVP's office; (e) the availability of the laborer to work different shifts and different days of the week; (f) the nature of the job assignment for which the laborer is seeking employment; (g) the qualifications of the laborer seeking a work assignment; (h) whether the laborer has previous experience at the client company at issue; (i) whether the open job assignments require orientations or training, and if the laborer has undergone that orientation or training; (j) whether the laborer is present in

the office and meets all of the relevant requirements for assignment (such as those identified in GMPs [Good Manufacturing Practices]); (k) whether the laborer is ready, willing, and able to accept an open job assignment; and (l) whether the laborer had transportation to and from job assignments.

**Interrogatory No. 8:**

For the Section 1981 SOL Period, describe all efforts of Defendant to recruit laborers at any of Defendant's Appropriate Branch Offices, including identifying all advertisements purchased and/or placed by Defendant, broken out by branch office if maintained separately.

**ANSWER:**

MVP objects to this Interrogatory as overly broad, unduly burdensome, vague, and calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. MVP further objects to this Interrogatory to the extent that it seeks information regarding Branch Offices other than the Waukegan branch office and to the extent that it seeks information or documents prior to May 9, 2014. MVP further objects to this Interrogatory as not relevant to the subject matter of this litigation and is outside the scope of Plaintiffs' EEOC charges. Subject to and without waiving the foregoing objections, MVP states that it rarely advertised for laborers, instead primarily relying on word-of-mouth referrals. MVP does not have a marketing budget specifically designed for advertising and/or marketing. Rather, such advertising was done on an as-needed basis. The determination of how and when advertisements were run was made by the branch manager for the office.

MVP states that it is still investigating, and reserves the right to supplement its response to this Interrogatory in accordance with the Federal Rules of Civil Procedure.

**Interrogatory No. 9:**

For the Section 1981 SOL Period, identify all laborers assigned from Defendant to work at any Third Party Client Companies, including:

a. the date or dates the laborer sought an assignment(s) with Defendant, if applicable;
b. the date the laborer was first assigned by Defendant, if applicable;
c. the date or dates the laborer was assigned to each Third Party Client Company and the number of hours assigned each day;
d. the branch office from which the laborer was assigned to each Third Party Client Company;
e. the date the laborer's assignment with each Third Party Client Company was terminated, if applicable, and the reason for such termination;
f. the date the laborer was terminated from Defendant's employment, if applicable;
g. the race, national origin and gender of the laborer;
h. whether a criminal background check was conducted and, if so, the name of the CRA utilized;
i. whether a drug test was conducted and, if so, the name of the drug testing company utilized;
j. whether an employment eligibility verification check was conducted and, if so, the name of the employment eligibility verification program and/or company utilized.

**ANSWER:**

MVP objects to this Interrogatory as overbroad, unduly burdensome, compound, and vague. MVP further objects to this discovery request as it is not reasonably limited in time and/or scope, to the extent that it asks about information regarding client companies other than those named in the Second Amended Complaint, and to the extent that it seeks information or documents prior to May 9, 2014. Subject to and without waiving these objections, MVP, pursuant to Federal Rule of Civil Procedure 33(d), directs Plaintiffs to the excel documents labelled:

- "MVP Invoices to C&D 5.9.14-Present – CONFIDENTIAL";
- "MVP Invoices to Medline 5.9.14-Present – CONFIDENTIAL"; and
- "MVP Invoices to MGA 5.9.14-Present – CONFIDENTIAL."

MVP further states that it has not supplied laborers to Georgia Nut or Segerdahl during the period of May 9, 2014 to the present.

MVP further objects to subparts (h) through (j) as outside the scope of the Second Amended Complaint, calling for the production of highly private information regarding individuals who are not parties (or potential putative class members) to the present case, and

harassing.

MVP further states that its investigation is continuing and ongoing and it reserves the right to supplement its answer to this Interrogatory pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

**Interrogatory No. 10:**

For the Section 1981 SOL Period, identify all communications between Defendant MVP and each Third Party Client Company relating to this lawsuit.

**ANSWER:**

MVP objects to this Interrogatory as facially overbroad, as vague as to the phrase "relating to this lawsuit," and violative of the joint defense privilege. Subject to the foregoing objections, MVP states none.

**Interrogatory No. 11:**

State whether you or anyone acting on your behalf has taken or obtained any written or oral statements or reports from any person(s) regarding the allegations in Plaintiffs' Complaint. If so, state:
   a. the name and address of each such person from whom each such statement or report was taken or obtained;
   b. the name and address of the person who took such statement or report;
   c. which of each such statements is written and which is oral;
   d. with respect to each such statement or report which is oral, the exact contents thereof; and
   e. with respect to each such statement or report which is written, the exact contents thereof and attach a copy thereof to the answers to these interrogatories.

**ANSWER:**

MVP objects to this Interrogatory as vague, potentially violative of the work-product doctrine, and potentially violative of the attorney-client privilege. Without waiving the foregoing objections, MVP knows of no responsive statements or reports at this time. MVP further states that its investigation is continuing and ongoing and it reserves the right to supplement its answer to this Interrogatory pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

**Interrogatory No. 12:**

For the ten (10) years prior to Plaintiffs filing their complaint, identify Defendant's policy and procedures relating to claims of discrimination and all complaints and/or investigations related to discrimination in job assignments, including, but not limited to, internal complaints, grievances and/or charges filed with the Equal Employment Opportunity Commission, Illinois Department of Human Rights, Cook County Commission on Human Rights, Chicago Commission on Human Relations and/or other government agency and settlement of any such action.

**ANSWER:**

MVP objects to this Interrogatory as overbroad, unduly burdensome, vague, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. MVP further objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP further objects to this Interrogatory to the extent that it seeks information and documents related to branch offices other than the Waukegan branch, claims of discrimination that are not race-based discrimination claims against African Americans, and to the extent it seeks information regarding client companies other than those in the Second Amended Complaint. Subject to and without waiving the foregoing objections, for the time period of May 9, 2014 to the filing of the Complaint, to MVP's knowledge, no charges or claims of race-based discrimination arising out of MVP's Waukegan branch office were filed against MVP with any governmental organization or agency, other than the claims of the named Plaintiffs, Derell Pruitt, Ronald Peterson, Plaz Hall Murdock-Alexander, Jr., and Paul Flanagan.

MVP further states that its investigation is ongoing and it reserves the right to supplement its answer to this Request pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

**Interrogatory No. 13:**

For the Section 1981 SOL Period, identify the following information for each available job assignment or position for which Defendant's Appropriate Branch Offices supplied laborers to each Third Party Client Company:

a. Job title;
b. Job duties;
c. Skills required;
d. Rate of pay;
e. Days and shifts available;
f. Supervisors;
g. Start and hire date; and
h. Number of jobs available each day.

**ANSWER:**

MVP objects to this Interrogatory as overly broad, unduly burdensome, vague, compound, calling for a narrative response, and calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. MVP further objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP further objects to this Interrogatory to the extent it seeks information outside of MVP's Waukegan branch office and at clients other than the clients named in the Second Amended Complaint.

**Interrogatory No. 14:**

For the Section 1981 SOL Period, identify the following information about each laborer or person who was assigned through Defendant's Appropriate Branch Offices to work at any Third Party Client Company:
a. The person's name;
b. The person's home address;
c. The total number of days the person worked at the Third Party Client Company;
d. The total number of hours the person worked at the Third Party Client Company;
e. The hourly rate at which the person worked at the Third Party Client Company; and
f. The total earnings the person received for working at the Third Party Client Company;
g. The person's race;
h. The person's ethnicity; and
i. The person's identification number or MVP employee identification number.

**ANSWER:**

MVP objects to this Interrogatory as overly broad, unduly burdensome, vague, compound, calling for a narrative response, and calling for information that is neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence. MVP further objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP objects to the Interrogatory to the extent it seeks information from branch offices of MVP other than MVP's Waukegan branch office and clients of MVP other than those named in the Second Amended Complaint. MVP further objects to this discovery request to the extent that it seeks highly personal information regarding non-parties to this litigation.

**Interrogatory No. 15:**

For the Section 1981 SOL Period, identify all the persons or business entities who operated vehicles that transported workers assigned from Defendant MVP to assignments to Third Party Client Companies, including the person or business entity's full name, present (or last known) address and telephone number, present (or last known) business affiliation, address, and telephone number, the person's race and/or ethnicity, the time period that the person or business operated vehicles, and for each person who is or was a laborer or employee of the Defendant, state his/her title(s) and office(s).

**ANSWER:**

MVP objects to this Interrogatory as overly broad, unduly burdensome, vague, and calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. MVP further objects to this Interrogatory to the extent that it seeks information regarding Branch Offices other than MVP's Waukegan branch office, to the extent it seeks information regarding client companies of MVP other than those named in the Second Amended Complaint, and to the extent that it seeks information or documents prior to May 9, 2014. MVP further objects to this Interrogatory as not relevant, as Plaintiffs claim that they were not assigned by MVP to the client companies named in the Second Amended Complaint; accordingly, information regarding how assigned individuals were transported to client companies is not relevant to the claims and allegations in the Second Amended Complaint.

**Interrogatory No. 16:**

For the Section 1981 SOL Period, identify the individuals involved in selecting the laborers to be assigned to Third Party Client Companies from Defendant's Appropriate Branch Offices, including but not limited to dispatchers, drivers and other office personnel, including the person's full name, the person's title(s) and office(s), present (or last known) address and telephone number, present (or last known) business affiliation, address, and telephone number, the person's race and/or ethnicity.

**ANSWER:**

MVP objects to this Interrogatory as overly broad, unduly burdensome, vague, and calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. MVP further objects to this Interrogatory to the extent that it seeks information regarding Branch Offices other than MVP's Waukegan Branch Offices and for client companies of MVP other than those named in the Second Amended Complaint, and to the extent that it seeks information or documents prior to May 9, 2014. Subject to and without waiving the foregoing, MVP identifies the following individuals as MVP employed at MVP's Waukegan branch office during the period of May 9, 2014 to the present:

- Erica Melendez, MVP dispatcher
- Karina Jaimes, MVP dispatcher
- Miguel Samano, MVP dispatcher
- Norma Sofia Diaz, MVP dispatcher
- Adriana Hernandez, MVP dispatcher
- Claudia McCabe, MVP dispatcher

MVP states that its investigation is ongoing, and reserves the right to supplement its response to this Interrogatory pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

**Interrogatory No.17:**

For the Section 1981 SOL Period, state whether Defendant has ever used the following methods of documenting applicants and/or individuals seeking work assignments through Defendant's Appropriate Branch Offices, and for each method listed, identify the approximate date(s) that MVP began maintenance of the item and discontinued maintenance of the item:
  a. Assignment Sheet;
  b. Pre-Application;

    c.  Work Tickets;

    d.  Sign-in Sheets; and

    e.  Video of Dispatch of Defendant's Appropriate Branch Offices.

**ANSWER:**

MVP objects to this Interrogatory as vague as to the terms "assignment sheets" and "work tickets" since neither term is defined, compound, overbroad, and unduly burdensome. MVP further objects to this Interrogatory to the extent that it seeks information regarding Branch Offices other than MVP's Waukegan branch offices and for client companies of MVP other than those named in the Second Amended Complaint, and to the extent that it seeks information or documents prior to May 9, 2014. Subject to and without waiving the foregoing objections, MVP states that, to its knowledge, pre-applications and sign-in sheets have not been used by MVP's Waukegan office since prior to May 9, 2014, and MVP directs Plaintiffs to its response to Interrogatory No. 3 in that regard.

MVP further states that it has not used any video of dispatch for the Waukegan Office to document applicants and/or individuals seeking work assignment.

MVP is unaware of what Plaintiffs mean by the terms "Assignment Sheet" and "Work Tickets," as these terms are not defined in Plaintiffs' First Set of Interrogatories, as the terms are not defined and vague.

**Interrogatory No. 18:**

Describe the anti-discrimination and anti-harassment policy and Defendant's efforts to implement and enforce that policy, including

    a.  How long the current version of the policy has been in place;

    b.  Whether and when the policy was amended, and, if so, why the policy was amended and what was amended;

    c.  Who has been responsible for implementing and enforcing the policy Section 1981 SOL Period;

    d.  What specific steps have been taken during the Section 1981 SOL Period to implement and enforce the policy;

    e.  Any prior allegation or finding that Defendant MVP or any of its employees had violated

the policy, and if so, what steps were taken to enforce the policy.

**ANSWER:**

MVP objects to this Interrogatory as overbroad, unduly burdensome, vague, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. MVP further objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP further objects to this Interrogatory to the extent that it seeks information and documents related to branch offices other than the Waukegan branch and to the extent it seeks information related to claims of violations of MVP's anti-discrimination policy based on claims of discrimination that are not race-based discrimination claims against African Americans.

MVP has had an equal employment opportunity policy in place at all times during the relevant time period, which it has produced in accordance with Federal Rule 33(d). Additionally, in January 3, 2017, MVP updated its internal employee handbook with a revised anti-discrimination policy, also produced in accordance with Rule 33(d). All internal employees are required to read and acknowledge this policy, as well as comply with its provisions. MVP has a written policy, signed by its temporary employees, stating that MVP is "committed to providing a work environment that is free of discrimination and unlawful harassment. Actions, words, jokes, or comments based on and individual's sex, race, ethnicity, religion or any other legally protected characteristics will not be tolerated." This policy is included in MVP's application packet, produced as MVP 330 – MVP 343, in accordance with Rule 33(d). MVP further posts Equal Employment Opportunity posters, as required by law, in conspicuous places throughout its offices.

If MVP receives any complaints of discrimination or other violations of its equal

employment opportunity policy, it performs an internal investigation and compiles documentation for review. In the event there is an allegation that the policy has been violated and MVP or its employees have discriminated against an individual, MVP would turn over the results of the investigation and any documentation for its attorneys.

MVP objects to Part (e) of the Interrogatory to the extent that it seeks information regarding allegations of violations of the policy relating to sex, religion, and other legally protected characteristics which are outside the scope of Plaintiffs' Complaint, or seeks information regarding allegations of violations of the policy for MVP offices outside of the MVP's Waukegan branch office.

MVP further states that its investigation continues and reserves the right to supplement its response in accordance with the Federal Rules.

**Interrogatory No. 19:**

Identify the relevant document custodians for documents relied upon in answering any of the accompanying requests for production and requests for admissions being served on Defendant, and Plaintiffs' First Set of Interrogatories and Requests for Production served upon Defendant.

**ANSWER:**

MVP objects to this Interrogatory as premature, overbroad, unduly burdensome, and calling for a narrative response.

**Interrogatory No. 20:**

Describe and identify how during the Section 1981 SOL Period Defendant MVP has determined and/or collected information on the race or ethnicity of its applicants and employees, including what methods Defendant MVP has used and what types of forms were used to collect such information.

**ANSWER:**

MVP objects to this Interrogatory as overbroad, and objects to the extent that it seeks information regarding Branch Offices other than MVP's Waukegan branch office and for client

companies of MVP other than those named in the Second Amended Complaint. Subject to and without waiving the foregoing objections, MVP states that it has not determined and/or collected information on the race or ethnicity of its applicants and employees.

**Interrogatory No. 21:**

Identify and describe the forms of transportation that applicants and/or employees of Defendant MVP routinely use for transportation to Defendant MVP's office(s), and when they are assigned to any Third Party Client Company of MVP's Waukegan Branch Office transportation to such each Third Party Client Company, including train, bus, automobiles owned by others, their own automobiles.

**ANSWER:**

MVP objects to this Interrogatory as overly broad, unduly burdensome, vague, and calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. MVP further objects to this Interrogatory to the extent that it seeks information regarding Branch Offices other than MVP's Waukegan branch office, to the extent it seeks information regarding client companies of MVP other than those named in the Second Amended Complaint, and to the extent that it seeks information or documents prior to May 9, 2014. MVP further objects to this Interrogatory as not relevant, as Plaintiffs claim that they were not assigned by MVP to the client companies named in the Second Amended Complaint; accordingly, information regarding how assigned individuals were transported to client companies is not relevant to the claims and allegations in the Second Amended Complaint.

Dated:    January 25, 2017        Signed as to objections only,
            Chicago, Illinois

/s/ Britney Zilz
Elliot Richardson
Britney Zilz
KOREY RICHARDSON LLC
20 South Clark Street, Suite 500
Chicago, Illinois 60603
Phone: (312) 372-7075
Fax:    (312) 372-7076

*Attorneys for Defendant Personnel Staffing
Group, LLC d/b/a Most Valuable Personnel*

## Verification

I, Nathanael Wilde, state and hereby certify that the answers set forth in the foregoing DEFENDANT PERSONNEL STAFFING GROUP, LLC'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES are to the best of my knowledge true and correct based on the information currently available to me, which investigation is continuing.

*Nathanael Wilde*
Nathanael Wilde
HR Director
Personnel Staffing Group, LLC