# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DERELL PRUITT, RONALD PETERSON, PAUL FLANAGAN, PLAZ HALL MURDOCK-ALEXANDER, JR. and JASMINE COX, on behalf of themselves and other similarly situated laborers,<br><br>               Plaintiffs,<br><br>    v.<br><br>PERSONNEL STAFFING GROUP, LLC d/b/a MVP, THE SEGERDAHL CORP., VISUAL PAK COMPANY, MEDLINE INDUSTRIES, INC., GEORGIA NUT COMPANY, C&D RECYCLING, LLC and METROPOLITAN GRAPHICS ARTS, INC.,<br><br>               Defendants. | Case No. 16 C 5079<br><br>Judge Der-Yeghiayan<br><br>Magistrate Judge Finnegan |

**PERSONNEL STAFFING GROUP, LLC'S AMENDED**
**RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST**
**REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant PERSONNEL STAFFING GROUP, LLC d/b/a MOST VALUABLE PERSONNEL ("MVP"), by and through its undersigned counsel, hereby provides amended responses and objections to the First Request for Production of Documents (the "Requests") propounded by Plaintiffs, and states as follows:

**General Objections**

Each and every response to the Requests is made subject to the following General Objections, regardless of whether a specific objection is stated in the response. The assertion of a specific objection in response to a particular request is not intended to, nor should be construed as, a waiver of General Objections specifically stated in the response.

1.      MVP objects to the Requests to the extent that the Requests call for the disclosure of information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege under federal or state statutory, constitutional, or common law. To the extent any document which is properly subject to any such privilege or immunity is inadvertently produced, such inadvertent production is not to be construed as a waiver of such privilege with respect to that document or any document, and such document and all copies thereof should be returned to counsel for MVP.

2.      MVP objects to the Requests to the extent that they are harassing, overly broad, unduly burdensome, and call for the production of numerous documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence regarding any claim or defense of any party to this lawsuit.

3.      MVP objects to the Requests to the extent that the Requests, or the definitions and instructions related thereto, either are not limited by any time period or seek information related to the time period prior to May 9, 2014, on the grounds that such requests are overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and outside the permissible statute of limitations period under Section 1981 and *Dandy v. United Parcel Service, Inc.*, 388 F.3d 263 (7th Cir. 2004).

4.      MVP objects to the Requests to the extent the Requests, or the definitions or instructions related thereto, ask for information and documents related to MVP's clients other than those named in the Second Amended Complaint, as such Requests are overbroad, unduly burdensome, not relevant, improper, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

5.    MVP objects to the Requests to the extent that they, or the definitions and instructions related thereto, purport to require disclosure of information or documents: (i) already in Plaintiffs' possession, custody or control; (ii) readily obtainable from the public domain; (iii) available to Plaintiff from a more convenient, less burdensome, or less costly source than MVP; or (iv) not in MVP's actual possession, custody or control, on the grounds that such Requests are overly broad and unduly burdensome.

6.    MVP reserves the right to supplement or amend any of its responses to the Requests, and to object to the admissibility of any documents or information produced in response thereto.

7.    Any response by MVP below to the effect that they will produce documents sought by a particular Request does not constitute an admission that MVP actually possesses the document(s) requested or that such document(s) exists, and is not an admission or acknowledgement that the Request calls for documents or information that is relevant, material or admissible in this action.

8.    MVP objects to the Requests to the extent that they purport to require the production of confidential or personal information. MVP will disclose such information only to the extent that it is relevant to any claim or defense of a party to this lawsuit, and subject to a proper protective order.

9.    MVP objects to the Requests to the extent that the Requests, or the definitions and instructions related thereto, contain vague, ambiguous, undefined, or argumentative terms.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:**

Defendant's   Articles of Incorporation, By-Laws,  and all documents identifying amendments made thereto since January 1, 2009.

**RESPONSE:**

MVP objects to this Request as calling for the production of numerous documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence regarding any claim or defense of any party to this lawsuit, and as vague, as MVP's Articles of Incorporation, by-laws, and amendments thereto have no bearing on the present lawsuit nor any reasonable relationship to the allegations in the Second Amended Complaint. MVP states that it is withholding documents on the basis of these objections.

**REQUEST NO. 2:**

For the Section 1981 SOL Period, all documents relating to any software, database and other filing systems used to create, collect, store, and preserve personnel information on its applicants, employees, and former employees, as well as records required to be maintained by Defendant pursuant to the FLSA, IMWL, IWPCA, IDTLSA and/or 2.29 CFR Part 1602, including, but not limited to, (1) records of work assignments and time worked by laborers; (2) records of compensation paid and/or benefits earned by laborers; (3) records of job applications and/or pre-applications of laborers; and/or (4) sign in sheets, work tickets, work assignment records of laborers and/or security logs. For each database, all documents relating to:
   a. The type of information in the database.
   b. The fields of the database
   c. The time period of data stored in the database.
   d. The type and version of software that operates the database.
   e. The number of individuals whose personnel information is in the database.
   f. The number of individuals whose personnel information is associated with each Third Party Client Company identified in the database.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, compound, calling for a legal conclusion, vague, and irrelevant, as MVP requests "all documents" in any way relating to the software, and the definition of this is unclear. MVP further objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014, or for software, database, and filing systems used in other MVP locations other than MVP's Waukegan branch office. MVP further states that any answer to this

Request is not an admission that any documents referred to in response to this Request are required to be maintained by law. MVP states that it is not withholding documents on the basis of these objections. Subject to and without waiving the foregoing objections, MVP states see TempsPlus User Guide, Bates Stamped MVP 6 – MVP 240.

**REQUEST NO. 3:**

For the Section 1981 SOL Period, all documents relating to Defendant's policies and practices regarding the creation, maintenance, retention and destruction of the following types of records:

    a. Personnel files of laborers who applied and/or sought work assignments through Defendant;

    b. Time and payroll records required to be maintained by Defendant pursuant to the FLSA, IMWL and/or IWPCA;

    c. Job applications and/or pre-applications of laborers required to be maintained by Defendant pursuant to 2.29 CFR Part 1602;

    d. Records required to be maintained by Defendant pursuant to Sections 10, 12 and 30 of the IDTLSA, 820 ILCS 175/10, 12 and 30.

    e. Sign-in sheets at Defendant's dispatch offices;

    f. Contracts with each Third Party Client Company;

    g. Video recordings of Defendant's facility or operation; and

    h. Communications, including but not limited to:

        i. Notes and minutes from meetings;

        ii. Letters and/or emails; and

        iii. Voicemails and, if applicable, voicemails sent to an email account.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, compound, calling for a legal conclusion, vague, and calling for the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as the Request calls for "all documents" in any way relating to any policy or procedure of MVP, which is unclear. Furthermore, the Request asks MVP to make a legal conclusion as to what records are required to be maintained pursuant to legal provisions, which is improper in a discovery requests. MVP further objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP further states

that any answer to this Request is not an admission that any documents referred to in response to this Request are required to be maintained by law. MVP states that it is not withholding documents on the basis of the foregoing objections. Subject to and without waiving the foregoing objections, MVP states see MVP 1 – MVP 3 and MVP 254 – MVP 329. MVP further refers Plaintiffs to its answer to Interrogatory No. 3.

**REQUEST NO. 4:**

For the Section 1981 SOL Period, the following records:
   a. Personnel files of laborers who applied and/or sought work assignments through Defendant;
   b. Time and payroll records required to be maintained by Defendant pursuant to the FLSA, IMWL and/or IWPCA;
   c. Job applications and/or pre-applications of laborers required to be maintained by Defendant pursuant to 2.29 CFR Part 1602;
   d. Records required to be maintained by Defendant pursuant to Sections 10, 12 and 30 of the IDTLSA, 820 ILCS 175/10, 12 and 30.
   e. Sign-in sheets at Defendant's dispatch offices;
   f. Contracts with each Third Party Client Company;
   g. Communications, including but not limited to:
      i. Notes and minutes from meetings;
      ii. Letters and/or emails; and
      iii. Voicemails and, if applicable, voicemails sent to an email account.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, compound, calling for a legal conclusion, vague, and calling for the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as the Request calls for all personnel files of all laborers and documents related to employees that MVP has employed without any reasonable limitation. Further, the Request seeks all of MVP's communications or other business records, without limitation or relation to the claims at issue in the present case. The Request further asks MVP to make legal conclusions as to what documents Plaintiffs believe are required as matter of law under legal provisions, which is improper in discovery requests.

MVP objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP further objects to this Request to the extent that the Request seeks personnel documents and other highly private documents regarding non-parties to this litigation and to the extent that the Request seeks information and documents regarding MVP's other third-party clients other than those named in the Second Amended Complaint. MVP further objects that the Request seeks documents regarding documents and information from MVP branch offices other than MVP's Waukegan branch office. MVP further states that any answer to this Request is not an admission that any documents referred to in response to this Request are required to be maintained by law. MVP states that it is withholding documents on the basis of the foregoing objections.

**REQUEST NO. 5:**

For the Section 1981 SOL Period, copies of all agreements and/or communications between Defendant and each Third Party Client Company relating to the provision of hourly laborers, including agreements to provide laborers that had special qualifications or characteristics (and any coding system used to track such qualifications or characteristics) and/or any other pre-requisites for assignment to each Third Party Client Company including, but not limited to, criminal background checks, drug tests or employment eligibility verification (through a program such as E-Verify or SSNVS) and/or to terminate the provision of any specific laborers or group of laborers, including, but not limited to "DNRs" (Do Not Returns).

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, vague, compound, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. MVP further objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP further states that any answer to this Request is not an admission that any documents referred to in response to this Request are required to be maintained by law. MVP further objects to this Request to the extent it seeks information regarding clients of MVP other than those named in

the Second Amended Complaint. MVP is withholding documents subject to these objections. Subject to and without waiving the foregoing objections, MVP directs Plaintiffs to MVP 241 – MVP 253.

**REQUEST NO. 6:**

For the Section 1981 SOL Period, copies of all documents relating to agreements with third party credit reporting agencies, drug testing companies and/or employment eligibility verification programs or vendors used by Defendant run checks on laborers seeking assignments with Defendant.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, vague, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as the contracts or agreements with third party agencies have no relevance or bearing on whether such employment eligibility tests were performed or impacted Plaintiffs' ability to obtain work assignments from MVP. MVP further objects to this Request to the extent it seeks documents prior to May 9, 2014, to the extent it seeks documents related to other MVP locations other than MVP's Waukegan branch office, and to the extent it seeks documents related to client companies other than those named in the Second Amended Complaint. MVP states that it is withholding documents on the basis of these objections.

**REQUEST NO. 7:**

For the Section 1981 SOL Period, all handbooks, manuals, policies, and documents describing or concerning Defendant's hiring process of laborers in Illinois, including, but not limited to, any tests, applications, references, etc. and/or any other requirements to be considered an employee of Defendant as well as Defendant's policy regarding how long a laborer's application stays on file and when a new application from a laborer would be required, including any changes in Defendant's policies or practices and the date of such changes.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, vague, compound, and

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. This Request seeks all categories of documents in any way "concerning," which is vague and unclear, and requests all applications for all MVP employees and/or applicants in Illinois without limitation or relation to the claims at issue. MVP further objects to this Request to the extent it seeks documents prior to May 9, 2014 and which relate to MVP offices other than MVP's Waukegan branch office. MVP states that it is withholding documents on the basis of the foregoing objections. Subject to and without waiving the foregoing objections, MVP states see MVP 254 – MVP 329, MVP's Employee Handbook for internal employees and MVP 330 – MVP 343, a general copy of MVP's application for temporary labor personnel, which was used at MVP's Waukegan branch office.

**REQUEST NO. 8:**

For the Section 1981 SOL Period, all documents relating to Defendant's efforts to recruit laborers, including, but not limited to, advertisements, flyers, orders, transportation routes.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, vague, compound, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as "all documents" is facially overbroad, and the Request does not define what Plaintiffs refer to with the term "orders." MVP further objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP further objects to this Request to the extent it seeks documents related to MVP offices other than MVP's Waukegan branch office. MVP states that it is withholding documents on the basis of the foregoing objections.

**REQUEST NO. 9:**

For the Section 1981 SOL Period, all documents related to the assignment of laborers to each

Third Party Client Company from Defendant's Appropriate Branch Office, including but not limited to:

   a.  the date or dates the laborer sought an assignment(s) with Defendant, if applicable;
   b.  the date the laborer was first assigned by Defendant, if applicable;
   c.  the date or dates the laborer was assigned and the number of hours assigned each day;
   d.  the branch office from which the laborer was assigned;
   e.  the date the laborer's assignment was terminated, if applicable, and the reason for such termination;
   f.  the date the laborer was terminated from Defendant's employment, if applicable;
   g.  the race, national origin and gender of the laborer;
   h.  whether a criminal background check was conducted and, if so, the name of the CRA utilized;
   i.  whether a drug test was conducted and, if so, the name of the drug testing company utilized;
   j.  whether an employment eligibility verification check was conducted and, if so, the name of the employment eligibility verification program and/or company utilized.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, compound, vague, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (as to subparts e, f, h, i, and j). MVP further objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP objects to this Request to the extent that it seeks information relating to MVP's assignment of laborers to client companies of MVP other than those named in the Second Amended Complaint and to the extent that the Requests seeks records of assignments from MVP offices other than MVP's Waukegan branch office. MVP objects to this Request to the extent that it seeks highly personal information relating to MVP employees who are not parties to the present lawsuit. MVP further objects to the Request to the extent that the requested information does not reasonably relate to the claims and allegations in Plaintiffs' Second Amended Complaint. MVP is withholding documents on the basis of the foregoing objections.

**REQUEST NO. 10:**

For the Section 1981 SOL Period, all documents related to the assignment of laborers to Third

Party Client Companies from Defendant's Appropriate Branch Office, including but not limited to:

    a.  the date or dates the laborer sought an assignment(s) with Defendant, if applicable;

    b.  the date the laborer was first assigned by Defendant, if applicable;

    c.  the date or dates the laborer was assigned to Third Party Client Company and the number of hours assigned each day;

    d.  the branch office from which the laborer was assigned to Third Party Client Company;

    e.  the date the laborer's assignment with Third Party Client Company was terminated, if applicable, and the reason for such termination;

    f.  the date the laborer was terminated from Defendant's employment, if applicable;

    g.  the race, national origin and gender of the laborer;

    h.  whether a criminal background check was conducted and, if so, the name of the CRA utilized;

    i.  whether a drug test was conducted and, if so, the name of the drug testing company utilized;

    j.  whether an employment eligibility verification check was conducted and, if so, the name of the employment eligibility verification program and/or company utilized.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, compound, vague, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (as to subparts e, f, h, i, and j). MVP further objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP objects to this Request to the extent that it seeks information relating to MVP's assignment of laborers to client companies of MVP other than those named in the Second Amended Complaint and to the extent that the Requests seeks records of assignments from MVP offices other than MVP's Waukegan branch office. MVP objects to this Request to the extent that it seeks highly personal information relating to MVP employees who are not parties to the present lawsuit. MVP further objects to the Request to the extent that the requested information does not reasonably relate to the claims and allegations in Plaintiffs' Second Amended Complaint. MVP is withholding documents on the basis of the foregoing objections.

**REQUEST NO. 11:**

All documents evidencing work assignment orders, including, but not limited to, work tickets from the Appropriate Branch Offices of MVP containing lists of laborers assigned to work at any Third Party Client Company of MVP.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. MVP further objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP objects to this Request to the extent that it seeks information relating to MVP's assignment of laborers to client companies of MVP other than those named in the Second Amended Complaint and to the extent that the Requests seeks records of assignments from MVP offices other than MVP's Waukegan branch office. MVP objects to this Request as facially overbroad, as it calls for "all documents," without limitation. MVP is withholding documents on the basis of the foregoing objections.

**REQUEST NO. 12:**

All recordings or video taken at or nearby Defendant MVP's Appropriate Branch Office or property, including but not limited to video relating to Defendant MVP's laborers, employees, or individuals seeking an assignment or work from Defendant MVP.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. MVP further objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP objects to this Request to the extent that it seeks information relating to MVP's assignment of laborers to client companies of MVP other than those named in the Second Amended Complaint and to the extent that the Requests

seeks records of assignments from MVP offices other than MVP's Waukegan branch office. MVP is not withholding any documents based on the foregoing objections. Subject to and without waiving the foregoing objections, MVP states none.

**REQUEST NO. 13:**

For the Section 1981 SOL Period, all documents relating to the vehicles transporting workers hired by MVP for assignments in the Waukegan/North Chicago Metropolitan areas, including but not limited to routes, recruitment material, pick-up and drop-off locations, and the names, race, and ethnicity of the drivers and passengers.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, vague, compound, calling for a narrative response, not reasonably limited in time and/or scope, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as it calls for "all documents" without limitation. MVP objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP further objects to this Request as the Request seeks personnel documents and other highly private documents regarding non-parties to this litigation and to the extent that the Request seeks information and documents regarding MVP's other third-party clients other than those in the Second Amended Complaint. MVP further objects to this Request as not relevant to the claims and issues in the Second Amended Complaint, including whether Plaintiffs were not assigned by MVP to the client companies named in the Second Amended Complaint on the basis of their race. MVP is withholding documents on the basis of these objections.

**REQUEST NO. 14:**

For the Section 1981 SOL Period, all documents relating to the forms of transportation workers hired by MVP for assignments to any Third Party Client Company of MVP used to come to the Appropriate Branch Office of MVP or to go to such Third Party Client Company when assigned to work there by MVP.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, vague, compound, calling for a narrative response, not reasonably limited in time and/or scope, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as it calls for "all documents" without limitation. MVP objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP further objects to this Request as the Request seeks personnel documents and other highly private documents regarding non-parties to this litigation and to the extent that the Request seeks information and documents regarding MVP's other third-party clients other than those in the Second Amended Complaint. MVP further objects to this Request as not relevant to the claims and issues in the Second Amended Complaint, including whether Plaintiffs were not assigned by MVP to the client companies named in the Second Amended Complaint on the basis of their race. MVP is withholding documents on the basis of these objections.

**REQUEST NO. 15:**

For the Section 1981 SOL Period, all contracts that Defendant MVP has had with Third Party Client Companies.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, vague, compound, calling for a narrative response, not reasonably limited in time and/or scope, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. MVP objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP further objects to this Request to the extent that the Request seeks information and documents regarding MVP's other third-party clients other than those in the Second Amended Complaint. MVP further objects to this Request

as not relevant to the claims and issues in the Second Amended Complaint, including whether Plaintiffs were not assigned by MVP to the client companies named in the Second Amended Complaint on the basis of their race. MVP is withholding documents on the basis of these objections. Subject to and without waiving the foregoing objections, MVP states see MVP 241 – MVP 253.

**REQUEST NO. 16:**

For the Section 1981 SOL Period, all communications involving Defendant MVP that relate to the hiring of laborers for assignments at each Third Party Client Company of MVP or to the assignment of laborers to each such Third Party Client Company, including any (a) emails; (b) letters; (c) notes; (d) minutes from meetings that included any employees of Defendant MVP or any Third Party Client Company; and (e) voicemails, including voicemails that were sent to an email account.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, vague, compound, calling for a narrative response, not reasonably limited in time and/or scope, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as it calls for "all communications" without reasonable limitation. MVP objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP further objects to this Request to the extent the Requests documents related to MVP offices other than MVP's Waukegan branch office and to the extent that the Request seeks information and documents regarding MVP's other third-party clients other than those in the Second Amended Complaint. MVP is withholding documents on the basis of these objections.

**REQUEST NO. 17:**

For the Section 1981 SOL Period, all documents related to available job assignments at each Third Party Client Company of MVP, including but not limited to the following types of records:
    a. Job title;

    b.  Job duties;
    c.  Skills required;
    d.  Rate of pay;
    e.  Day and shifts available;
    f.  Supervisors;
    g.  Start, hire and termination date; and
    h.  Number of jobs available each day.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, vague, compound, calling for a narrative response, not reasonably limited in time and/or scope, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as it calls for "all documents" without reasonable limitation. MVP objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP further objects to this Request to the extent the Requests documents related to MVP offices other than MVP's Waukegan branch office and to the extent that the Request seeks information and documents regarding MVP's other third-party clients other than those in the Second Amended Complaint. MVP is withholding documents on the basis of these objections.

**REQUEST NO. 18:**

Any database that contains personnel information on the laborers or employees who were assigned by Defendant MVP to work for any Third Party Client Company, including any database that contains the following types of information about Defendant MVP's employees during the Section 1981 SOL Period.
    a.  The person's name;
    b.  The person's home address;
    c.  The number of days the person worked at each Third Party Client Company;
    d.  The number of hours the person worked at each Third Party Client Company;
    e.  The hourly rate at which the person worked at each Third Party Client Company;
    f.  The earnings the person received for working at each Third Party Client Company;
    g.  The person's race;
    h.  The person's ethnicity.
    i.  The person's identification number or employee identification number.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, vague, compound, calling for a narrative response, not reasonably limited in time and/or scope, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as it calls for MVP's entire database and for information about all of MVP's employees without reasonable limitation. MVP objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP further objects to this Request to the extent the Requests documents related to MVP offices other than MVP's Waukegan branch office and to the extent that the Request seeks information and documents regarding MVP's other third-party clients other than those in the Second Amended Complaint. MVP also objects to the extent the Request seeks highly private personnel information regarding individuals who are not relevant to the claims in this litigation and are not parties to this case. MVP is withholding documents on the basis of these objections.

**REQUEST NO. 19:**

For every database produced in response to Request No. 18, produce a data dictionary that summarizes the fields of the database and other information in the database.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, vague, and to the extent that it seeks to impose a greater obligation on MVP than provided by the Federal Rules of Civil Procedure.

**REQUEST NO. 20:**

Any documents related to or containing analyses, studies, data, reports or information on the race or ethnicity of laborers or employees hired by or seeking work through Defendant MVP, including documents relating to laborers or employees assigned to work at any Third Party Client Company of MVP.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, vague, compound, calling for a narrative response, not reasonably limited in time and/or scope, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. MVP objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP further objects to this Request as the Request information and documents regarding MVP's other third-party clients other those named in the Second Amended Complaint, to the extent the Request seeks information and documents related to MVP offices other than MVP's Waukegan branch office, and to the extent the Request seeks documents relating to applicants and employees of MVP who are not relevant to the claims an issues in Plaintiffs' Second Amended Complaint. MVP is not withholding documents within its possession based on the foregoing objections. Subject to and without waiving the foregoing objections, MVP states none.

**REQUEST NO. 21:**

All documents relating to any anti-discrimination and anti-harassment policy, in all languages in which they were written, and Defendant's efforts to implement and enforce that policy, including a copy of the policy, any amendment(s) to the policy, documents relating to anyone who was responsible for implementing and enforcing the policy, documents relating to any steps Defendant MVP has taken to implement and enforce the policy, and documents relating to any alleged violations of the policy and Defendant MVP's response to such violations.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, vague, compound, calling for a narrative response which is improper for a production request, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. MVP objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP objects to this Request as overbroad

in scope, as it requests information without limitation in geographic scope, time, or forms of discrimination, such as to be narrowly tailored to the claims and issues in the present case. MVP further objects to this Request as overbroad as it calls for "all documents relating to" a broad category of documents, which is subject to open interpretation. MVP states that it is withholding documents based on the foregoing objections. Subject to and without waiving the foregoing objections, MVP states see documents bates stamped MVP 254 – MVP 329..

**REQUEST NO. 22:**

Any documents relating to the race or ethnicity of its employees or laborers who were assigned by Defendant MVP to any Third Party Client Company of MVP during the 1981 SOL Period.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, and vague. MVP objects to this discovery request as it is not reasonably limited in time and/or scope, and to the extent that it seeks information or documents prior to May 9, 2014. MVP further objects to this Request as the Request information and documents regarding MVP's other third-party clients other than those named in the Second Amended Complaint. MVP objects to this Request as facially overbroad to the extent that it calls for "all documents" without limitation. MVP is not withholding documents subject to these objections. Subject to and without waiving the foregoing objections, MVP states none.

**REQUEST NO. 23:**

For the Section 1981 SOL Period, all communications between MVP and any of its Third Party Client Companies relating to this lawsuit.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, vague, and calling for the production of documents protected by the joint defense privilege. Subject to and without

waiving the foregoing objections, MVP states none.

**REQUEST NO. 24:**

Copies of any written record or memorandum of any communication or conversation with any Plaintiff, or any other person employed by Defendant as a laborer regarding this lawsuit or any of the claims contained in this lawsuit since Plaintiffs filed their complaint.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, and vague. MVP is not withholding any documents on the basis of the foregoing objections. Subject to and without waiving the foregoing objection, MVP states none.

**REQUEST NO. 25:**

For the ten (10) years prior to Plaintiffs filing their complaint, all documents evidencing Defendant's policy and procedures relating to claims of discrimination and all complaints and/or investigations related to discrimination in job assignments, including, but not limited to, internal complaints, grievances and/or charges filed with the Equal Employment Opportunity Commission, Illinois Department of Human Rights, Cook County Commission on Human Rights, Chicago Commission on Human Relations and/or other government agency and settlement of any such action.

**RESPONSE:**

MVP objects to this Request as overly broad, unduly burdensome, vague, not reasonably limited in time and/or scope, and calling for the production of numerous documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. MVP objects to this Request as not reasonably tailored to the claims and issues in the Second Amended Complaint, as it requests "all documents" related to MVP's policies and procedures regarding any form of discrimination, complaints of discrimination other than race discrimination, complaints of discrimination involving MVP offices or employees other than MVP's Waukegan branch office, and without limitation to any reasonable time frame or geographic scope. MVP is withholding documents on the basis of the foregoing objections.

Subject to and without waiving the foregoing objections, MVP states none. MVP further states

that its investigation is ongoing and it reserves the right to supplement its answer to this Request

pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

**REQUEST NO. 26:**

All management or supervisory manuals used by Defendants since 2011.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, vague, not reasonably

limited in time and/or scope, and calling for the production of documents which are neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence. MVP further

objects to Request as overbroad in scope to the extent it seeks information and documents prior

to May 9, 2014 and to the extent it seeks documents and information not applicable to MVP's

Waukegan branch office. MVP is not withholding any documents based on the foregoing

objections. Subject to and without waiving the foregoing objections, MVP states see MVP 254 –

MVP 329.

**REQUEST NO. 27:**

All handbooks, manuals, policies, and documents describing or concerning disciplinary policies,
procedures, and practices or how they are or were administered that Defendants have used,
published, relied on, or distributed since 2011.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, vague, not reasonably

limited in time and/or scope, and calling for the production of documents which are neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence. MVP further

objects to Request as overbroad in scope to the extent it seeks information and documents prior

to May 9, 2014 and to the extent it seeks documents and information not applicable to MVP's

Waukegan branch office. MVP is not withholding any documents based on the foregoing objections. Subject to and without waiving the foregoing objections, MVP states see MVP 254 – MVP 329.

**REQUEST NO. 28:**

Any documents used or relied upon in answering any of the accompanying interrogatories being served on Defendant.

**RESPONSE:**

MVP objects to this Request as overbroad, unduly burdensome, and vague. Subject to and without waiving the foregoing objections, MVP states see MVP 1 – MVP 428, and accompanying Excel files referred to in MVP's Answers to Interrogatories.

Dated: January 25, 2017

/s/ Britney Zilz
Elliot Richardson
Britney Zilz
KOREY RICHARDSON LLC
20 S. Clark St., Suite 500
Chicago, Illinois 60603
Phone: 312.372.7075
Fax: 312.372.7076

*Attorneys for Defendant Personnel Staffing Group, LLC d/b/a Most Valuable Personnel*