```
 1              IN THE UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ILLINOIS
 2                     EASTERN DIVISION

 3  DERELL PRUITT, et al.,          ) Docket No. 16 CV 5079
                                    )
 4          Plaintiffs,             )
                                    ) Chicago, Illinois
 5          vs.                     ) May 25, 2017
                                    ) 9:00 o'clock a.m.
 6  PERSONNEL STAFFING GROUP, LLC,  )
    doing business as MVP, et al.,  )
 7                                  )
            Defendants.             )
 8

 9
                TRANSCRIPT OF PROCEEDINGS - Motion
10        BEFORE THE HONORABLE SAMUEL DER-YEGHIAYAN

11

12  APPEARANCES:
    For the Plaintiffs:      WORKERS' LAW OFFICES PC
13                           BY:  MR. CHRISTOPHER J. WILLIAMS
                             53 West Jackson Boulevard
14                           Suite 701
                             Chicago, Illinois  60604
15
    For Personnel Staffing,
16     Visual, C&D, and
       Metropolitan:         KOREY RICHARDSON LLC
17                           BY:  MR. ELLIOT S. RICHARDSON
                             20 South Clark Street
18                           Suite 500
                             Chicago, Illinois  60603
19
    For Segerdahl:           VEDDER PRICE PC
20                           BY:  MS. JENNIFER B. COOK
                             222 North LaSalle Street
21                           Suite 2600
                             Chicago, Illinois  60601
22

23              Laura LaCien, CSR, RMR, CRR
                   Official Court Reporter
24        219 South Dearborn Street, Suite 1902
                   Chicago, Illinois  60604
25                     (312) 408-5032
```

```
 1
 2   APPEARANCES:   (Cont'd)
 3
     For Medline:              COZEN O'CONNOR
 4                             BY:  MR. JEREMY J. GLENN
                               123 North Wacker Drive
 5                             Suite 1800
                               Chicago, Illinois  60606
 6
     For Georgia Nut:          GORDON & REES LLP
 7                             BY:  MS. STEPHANIE F. JONES
                               1 North Franklin
 8                             Suite 800
                               Chicago, Illinois  60606
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1     (The following proceedings were had in open court:)

2          COURTROOM DEPUTY:  16 C 5079, Pruitt versus

3  Personnel Staffing.

4          MR. RICHARDSON:  Good morning, your Honor.  Elliot

5  Richardson for defendants MVP, MGA, C&D, and Visual Pak.

6          THE COURT:  Good morning.

7          MR. RICHARDSON:  Good morning.

8          MS. JONES:  Good morning.  Stephanie Jones,

9  J-o-n-e-s, on behalf of Georgia Nut Company.

10          THE COURT:  Good morning.

11          MS. COOK:  Good morning.  Jennifer Cook on behalf of

12  The Segerdahl Corp.

13          THE COURT:  Good morning.

14          MR. GLENN:  And, your Honor, Jeremy Glenn for the

15  Medline Industries defendant.

16          THE COURT:  Good morning.

17          MR. WILLIAMS:  Good morning, your Honor.  Chris

18  Williams on behalf of the plaintiffs.

19          THE COURT:  Okay.  I see you did a switcheroo so

20  that you confuse me who is who.  That's okay.

21          MS. JONES:  My fault.  Sorry.  Georgia Nut Company.

22          THE COURT:  I know.  You were on this side.  You

23  went to the other side.

24          MS. JONES:  I won't move.

25          THE COURT:  I had you second from the right but you

1   moved, became third from the right.  That's fine.  You're
2   okay.
3           We're here on plaintiff's motion to stay, correct?
4           MR. WILLIAMS:  That's correct, your Honor.
5           THE COURT:  Okay.  You claim your client is
6   hospitalized?
7           MR. WILLIAMS:  No, your Honor.  It was me.
8           THE COURT:  I mean -- I'm sorry.  Plaintiff is
9   hospitalized.
10          MR. RICHARDSON:  Plaintiff's counsel.
11          THE COURT:  Counsel is hospitalized.  You're the
12  plaintiff's counsel?
13          MR. WILLIAMS:  Obviously not still hospitalized.
14          THE COURT:  Yeah.
15          MR. WILLIAMS:  I was hospitalized last week.
16          THE COURT:  Last week.  But are you okay now?
17          MR. WILLIAMS:  Your Honor, I am okay short term to
18  be blunt and without revealing too much.
19          THE COURT:  Okay.  I understand.
20          MR. WILLIAMS:  I'm not okay long term.
21          THE COURT:  I understand.  But I'm saying for the
22  purposes of this hearing, is there any other lawyer that will
23  be handling the case?  Is there any other attorneys in the
24  law firm or are you like solo that you were handling it only
25  yourself?

1    MR. WILLIAMS:  Judge, we are a -- I have a partner.

2  We're a two-lawyer law firm.

3    THE COURT:  Okay.

4    MR. WILLIAMS:  He obviously has his own caseload but

5  he will be assisting in this case.

6    THE COURT:  Okay.

7    MR. WILLIAMS:  We also have a firm in Washington

8  D.C. that has -- you know, obviously is remote so their

9  ability to do things locally is more limited.  They have one

10 attorney working part time on this and then another.

11   THE COURT:  From Washington D.C., there's one

12 attorney part time assisting in this matter?

13   MR. WILLIAMS:  And then another attorney who is sort

14 of supervising.

15   THE COURT:  And then the two lawyers here, are they

16 both working on this case?

17   MR. WILLIAMS:  No.  It's just been me thus far.

18   THE COURT:  I see.

19   MR. WILLIAMS:  My partner will step in and assist

20 with some of the local things.

21   THE COURT:  But hasn't been previously involved in

22 the case you're saying?

23   MR. WILLIAMS:  Has not.

24   THE COURT:  So how can we proceed based on all these

25 facts?  Any suggestions by either side?  That's what I had

1   wanted to do when we came this morning.

2         MR. WILLIAMS:  Your Honor -- and I chaired this last

3   night with opposing counsel.  What I believe I need in order

4   to effectively prosecute with the attorneys who are assisting

5   with this is a little bit more time.

6         What occurred was there were a number of things

7   happening all at the same time and causing too much stress

8   resulting in my hospitalization.

9         THE COURT:  Yeah.

10        MR. WILLIAMS:  What I would ask -- and you should

11  also know prior to this incident, we were in conversations

12  with defendants about asking for the -- we have a number of

13  substantive discovery disputes on both sides that are

14  currently before Judge Finnegan.  We were in the process of

15  sort of discussing a couple of things.  One, our desire to

16  move the class certification motion deadline because there's

17  information we don't have we believe we need in order to file

18  that motion and we need Judge Finnegan to be able to rule

19  on --

20        THE COURT:  Class motion was supposed to be May

21  29th.

22        MR. WILLIAMS:  Yeah.

23        THE COURT:  And then there's answer and reply dates.

24  Judge Finnegan still is supervising that?

25        MR. WILLIAMS:  She's supervising discovery.

1          THE COURT:  Because it looked like the motion said

2     Judge Finnegan and I know it wasn't before me obviously.

3          MR. WILLIAMS:  There was some deadlines before Judge

4     Finnegan as well so we filed it in both places.

5          THE COURT:  Okay.

6          MR. WILLIAMS:  The other thing just if I can -- just

7     so you're fully informed, the other thing we were discussing

8     is based on some information, we were going to seek to -- we

9     want to seek to amend the complaint and actually seek to

10    amend the complaint and add additional parties against one of

11    the client company defendants, Segerdahl, and to sever that

12    defendant from the larger case.

13         And I'm giving you a very summarized version of what

14    we were discussing.  If your Honor would prefer, we were in

15    the process of preparing a written motion of our positions.

16         THE COURT:  Well, I mean, obviously we're talking

17    about issues relating to procedural aspect of the various

18    motions and potentially new motions with amending the

19    complaint but the larger question right now is, based on your

20    personal situation, how do we handle all so that your

21    personal situation is addressed also?

22         MR. WILLIAMS:  Part of it, your Honor, is -- it's

23    just allowing more time because that allows -- you know, the

24    counsel that are helping in Washington D.C., for example, are

25    on trial.

```
 1              THE COURT:  Get on track with it and then --

 2              MR. WILLIAMS:  Yeah.

 3              THE COURT:  -- lift the stress of the time deadlines

 4     from you, correct?

 5              MR. WILLIAMS:  That's correct.  And just -- I know

 6     they want to -- but just -- my suggestion too, I just want to

 7     throw this out, was that we be given two weeks to file a

 8     motion to amend and to sever so that it will give us time to

 9     share that as we had discussed we would do with the

10     defendants prior to filing it to see if it would be opposed

11     or unopposed.  And then perhaps rather than resetting a class

12     certification deadline right now, to have us come back after

13     Judge Finnegan had an opportunity to rule on some of those

14     discovery disputes.

15              MR. RICHARDSON:  Your Honor --

16              THE COURT:  Yeah?

17              MR. RICHARDSON:  Whenever.  So we have -- I have a

18     proposal as well.

19              THE COURT:  Okay.

20              MR. RICHARDSON:  And, you know, we want to be

21     sensitive to Mr. Williams' situation.  We hope he's okay.

22     There's a couple of issues that we might be able to address

23     right now while Mr. Williams is getting his feet back under

24     him and making these, sort of, decisions that need to be made

25     on the case.
```

1          So we're still waiting to take the deposition of a

2     plaintiff and finish the deposition of a plaintiff.  There's

3     three plaintiffs in this case.  The way the deposition

4     testimony has played out, without arguing it in front of you

5     because I don't want to do that -- I'd rather do it in

6     writing -- we don't feel that these folks are going to be

7     adequate class representatives in the case and what we'd like

8     to do is to finish those depositions and perhaps put a motion

9     before this Honorable Court that addresses the issue of

10    whether the three named plaintiffs are class representatives,

11    appropriate class representatives because if they are not,

12    then a lot of this other stuff that we're talking about in

13    front of Judge Finnegan, a lot of the other stuff that we're

14    talking about in terms of discovery in general and the

15    resources of Mr. Williams and the court might not be in play.

16         And from our perspective, that would take very

17    limited work from Mr. Williams.  It would just be to produce

18    this one person and finish the other guy's deposition and

19    then we would be able to file something very quickly

20    thereafter and sort of deal with that issue while everything

21    else is getting set.

22         THE COURT:  And then it will streamline the case

23    or --

24         MR. RICHARDSON:  I think it would.  I think it would

25    streamline the case significantly.  And, you know, the

1   depositions that have already been taken, you know, we could

2   provide to you as well for you to see whether or not we're

3   off in left field or whether or not we're really on to

4   something.

5           THE COURT:  No.  I don't micro manage cases like

6   that.  I expect appropriate motions relating to that.

7           MR. RICHARDSON:  Correct.

8           MR. WILLIAMS:  Judge, if I may respond to that?

9           THE COURT:  Yeah.

10          MR. WILLIAMS:  It's exactly that discovery we need

11  from defendants in order to confront those arguments.  I know

12  we've only got one side of discovery.

13          THE COURT:  But aren't you guys discussing that with

14  Judge Finnegan?

15          MR. WILLIAMS:  That's what I think.  We have a

16  motion to compel with regard to the --

17          THE COURT:  And then can't Judge Finnegan discuss

18  the deposition of the individual?

19          MR. RICHARDSON:  Well, yeah, but I don't think Judge

20  Finnegan can make any substantive decisions on whether or not

21  they're appropriate class representatives.

22          THE COURT:  No.  After the deposition, those motions

23  are filed before me.

24          MR. RICHARDSON:  Correct, correct.

25          THE COURT:  I'm just saying that relating to

1    scheduling depositions and things like that.

2         Now, counsel for plaintiff, I don't like to sever

3    cases so if you're going to file a motion to sever one

4    defendant, I just -- I mean, it's not a separate lawsuit

5    obviously against that defendant.  Counsel?

6         MS. COOK:  And, in fact, your Honor, we don't

7    believe that that motion would be granted without arguing it

8    before you.  We're agreed that proceeding with the

9    depositions might streamline the case and that the motion to

10   sever and amend is a --

11        THE COURT:  You don't believe it's going to be

12   granted?  Did somebody tell you that?

13        MS. COOK:  In the sense that we don't believe it's

14   appropriate to sever and amend.

15        THE COURT:  I see.  You're going to oppose you mean?

16        MS. COOK:  Yeah.

17        THE COURT:  And then some judge is going to decide,

18   right?

19        MS. COOK:  Absolutely.

20        THE COURT:  Yeah, whoever that judge is.

21        MR. RICHARDSON:  A very smart judge.

22        MS. COOK:  A very smart judge.

23        MR. RICHARDSON:  Yes.

24        THE COURT:  Okay.  So you believe that the motion

25   would be opposed and it's not an appropriate motion.  But I

1    just say up front that I don't like to sever cases.  If

2    there's an issue of severance, then plaintiff can dismiss the

3    action against that person in this case and file a new action

4    against that person.  I know that sometimes similar facts are

5    present for discovery purposes and then why should we sever.

6    We could handle both at the same time.

7         But anyhow, right now the more pressing question is

8    to give some breathing room for Mr. Williams relating to the

9    dates so I am inclined to change those dates relating to the

10   class motion because it's going to have an impact when Judge

11   Finnegan addresses the issue of deposition and then

12   anticipated motion by defense counsel relating to whether

13   they're appropriate class members and so on.

14        I'll move the dates.  What I'll do is this, I'll set

15   a status hearing of -- right now, we have September 6th,

16   2017.  I'll just keep that date.  In the meantime, discuss

17   with Judge Finnegan any discovery issues and deposition of

18   the plaintiff and then potential motions.  And then after all

19   that happens, then on September 6th, I'll see where we are.

20   Then I'll give new dates for class motions at that time.

21        MR. WILLIAMS:  Judge, I want to thank you.  I also

22   want to thank counsel.

23        THE COURT:  Okay.  So this will give some time right

24   now, about four months or so or three and a half months

25   breathing room, and then we'll address new dates at that

1    time.

2         MR. RICHARDSON:  Okay.

3         MR. WILLIAMS:  Thank you, your Honor.

4         MR. RICHARDSON:  Thank you very much, your Honor.

5         THE COURT:  Sure.

6      (Which concluded the proceedings in the above-entitled

7    matter.)

8                    C E R T I F I C A T E

9         I hereby certify that the foregoing is a transcript

10   of proceedings before the Honorable Samuel Der-Yeghiayan on

11   May 25, 2017.

12

13   */s/Laura LaCien*
                                        May 30, 2017
14   _____        Date
     Laura LaCien
     Official Court Reporter
15

16

17

18

19

20

21

22

23

24

25