```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3   DERELL PRUITT, et al.,          ) Docket No. 16 CV 5079
           Plaintiffs,               )
 4                                   ) Chicago, Illinois
              vs.                    ) January 10, 2017
 5                                   ) 9:00 o'clock a.m.
     PERSONNEL STAFFING GROUP, LLC,  )
 6   doing business as MVP, et al.,  )
           Defendants.               )
 7
                  TRANSCRIPT OF PROCEEDINGS - Motion
 8           BEFORE THE HONORABLE SAMUEL DER-YEGHIAYAN

 9   APPEARANCES:
     For the Plaintiffs:      WORKERS' LAW OFFICE PC
10                            BY:  MR. ALVAR AYALA
                              53 West Jackson Boulevard
11                            Suite 701
                              Chicago, Illinois  60604
12
     For Personnel Staffing,
13      V-Pak, C&D, and
        MGA:                  KOREY RICHARDSON LLC
14                            BY:  MR. ELLIOT S. RICHARDSON
                                   MS. BRITNEY ZILZ
15                            20 South Clark Street
                              Suite 500
16                            Chicago, Illinois  60603

17   For Segerdahl:           FREEBORN & PETERS
                              BY:  MR. RICHARD T. KIENZLER
18                            311 South Wacker Drive
                              Suite 3000
19                            Chicago, Illinois  60606

20                            VEDDER PRICE PC
                              BY:  MR. JOSEPH K. MULHERIN
21                            222 North LaSalle Street
                              Suite 2600
22                            Chicago, Illinois  60601

23              Laura LaCien, CSR, RMR, CRR
                    Official Court Reporter
24          219 South Dearborn Street, Suite 1902
                   Chicago, Illinois  60604
25                      (312) 408-5032
```

```
 1

 2   APPEARANCES:   (Cont'd)

 3
     For Medline:              COZEN O'CONNOR
 4                             BY:  MS. DANIELLE N. HARRIS
                               123 North Wacker Drive
 5                             Suite 1800
                               Chicago, Illinois  60606
 6
     For Georgia Nut:          GORDON & REES LLP
 7                             BY:  MS. LINDSAY A. WATSON
                               One North Franklin
 8                             Suite 800
                               Chicago, Illinois  60606
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1        (The following proceedings were had in open court:)
 2             COURTROOM DEPUTY:  16 C 5079, Pruitt versus
 3   Personnel.
 4             MR. AYALA:  Good morning, your Honor.  Alvar Ayala
 5   for plaintiffs.
 6             MR. RICHARDSON:  Good morning, your Honor.  Elliot
 7   Richardson and Britney Zilz for Personnel Staffing Group,
 8   Visual-Pak Company, C&D Recycling and Metropolitan Graphics
 9   Arts.
10             THE COURT:  Okay.
11             MS. WATSON:  Good morning, your Honor.  Lindsay
12   Watson for Georgia Nut Company.
13             THE COURT:  Okay.
14             MS. HARRIS:  Good morning, your Honor.  Danielle
15   Harris, counsel for Medline.
16             THE COURT:  Thank you.  Next?
17             MR. KIENZLER:  Good morning.  Richard Kienzler for
18   The Segerdahl Corporation.
19             MR. MULHERIN:  Good morning.  Joe Mulherin
20   potentially for Segerdahl if you grant our motion.
21             THE COURT:  Potentially, that's a good word.  Okay.
22             Anybody else now?  Okay.  Do we have all defendants
23   here represented?
24             MS. HARRIS:  Yes, your Honor.
25             THE COURT:  Okay.  And defendant's first motion to
```

```
 1   substitute attorneys, any problem with that, counsel for

 2   plaintiff?

 3            MR. AYALA:  No, your Honor.  There's, I believe,

 4   three motions up today, to substitute, couple of motions to

 5   extend the time to answer --

 6            THE COURT:  I think there are six motions.

 7            MR. AYALA:  -- and the motion to consolidate.  We

 8   don't oppose to any of those.

 9            THE COURT:  Okay.

10            MR. AYALA:  There is a couple of motions that are --

11   that were just filed and they're noticed for Thursday.

12            THE COURT:  What are those?

13            MR. AYALA:  There's a motion for leave to amend

14   plaintiff's complaint and a motion to --

15            THE COURT:  One second.  The motion for leave to

16   amend the complaint, that's the same motion that you said

17   you're joining the consolidation motion?

18            MR. AYALA:  It's the motion -- partially unopposed

19   to the extent that it's our motion to consolidate and to

20   amend.  Defendants oppose.

21            THE COURT:  But that's the one you're talking about?

22            MR. AYALA:  Yes.

23            THE COURT:  Defendant MVP opposed it; am I correct?

24            MR. AYALA:  Yes.

25            MR. RICHARDSON:  Yes, your Honor.
```

```
 1              THE COURT:  Am I correct.  Yeah, I saw that.

 2              MR. AYALA:  So defendant filed a motion to

 3    consolidate, which was noticed for today.  We don't obviously

 4    oppose that part.  There is the motion for leave to amend.

 5    They filed a brief yesterday.

 6              THE COURT:  I understand; and another motion to

 7    basically file class cert motion May 29th, right?

 8              MR. AYALA:  There's also that motion, your Honor.

 9              THE COURT:  Yeah.  So I'll address all of them

10    today.  We don't need to come Thursday.

11              MR. AYALA:  Your Honor, I'm stepping in for my

12    partner who is trial counsel.

13              THE COURT:  God bless him.

14              MR. AYALA:  The motion to extend that deadline to

15    file the motion for class cert, we -- it's noticed for

16    Thursday because we couldn't notice it for today.  It wasn't

17    three days' notice.

18              THE COURT:  I understand.

19              MR. AYALA:  So the fact is, your Honor, I'm not

20    prepared to argue that motion.  I would request that the

21    Court allow us to --

22              THE COURT:  Well, I'm prepared to hear it so I think

23    that there is not too much to argue.  I don't have arguments

24    about motions to set dates for class.  Is there an

25    opposition, you think?
```

1      MR. AYALA:  I would hope not, your Honor, but it may

2  be that there is.

3      THE COURT:  Okay.  Let me see if there's opposition

4  first before I decide when we hear it.

5      MR. RICHARDSON:  This is the motion to extend the

6  time by which to file their class certification motion,

7  correct?

8      THE COURT:  Yeah.

9      MR. RICHARDSON:  Yes.  Yes, your Honor.  There is

10  opposition to that.

11      THE COURT:  Okay.  Class motion was initially going

12  to be filed by March 3rd, 2017.  Correct?

13      MR. AYALA:  Correct, your Honor.

14      THE COURT:  Yeah.  So it's being asked to file it

15  two months later, right?

16      MR. AYALA:  Correct, your Honor.

17      THE COURT:  No big deal.  We'll allow it.

18      MR. AYALA:  Thank you, your Honor.

19      THE COURT:  So defendant's Segerdahl's motion to

20  substitute attorney is granted.

21      Medline's motion to answer complaint by January 6th,

22  it's already moot.  You filed the answer probably.  It's

23  granted.  Right?

24      MS. HARRIS:  Yes.

25      THE COURT:  Okay.  And Georgia Nut Company's motion

```
 1   to extend by -- to January 4, that's moot.  It's granted.

 2          MS. WATSON:  Yes.

 3          THE COURT:  Defendant's motion to consolidate the

 4   claims and plaintiff's motion to consolidate are all granted.

 5          The leave to amend the -- file the amended complaint

 6   is, what are you trying to do with the amended complaint,

 7   just because we consolidated cases, to make it one?

 8          MR. AYALA:  Correct, your Honor.  The case that is

 9   being consolidated is a Title VII claim against MVP.  On

10   defendant's motion to consolidate, they make it clear that

11   the case is in the early stages of litigation.  There's no

12   prejudice for the consolidation so there really shouldn't be

13   any prejudice in allowing the amendment either, your Honor.

14          THE COURT:  My -- you know, usually the first

15   question in cases like this where the case has proceeded some

16   time is will it impact on any discovery on any dates on

17   anything like that?

18          MR. AYALA:  It should not, your Honor.

19          THE COURT:  Okay.  Then defendant MVP opposes the

20   amendment of the complaint, why?

21          MR. RICHARDSON:  We do.  Yes, your Honor, because

22   it's improper claim splitting and that's in our response.

23          THE COURT:  It's improper what?

24          MR. RICHARDSON:  Claim splitting, your Honor.  So

25   essentially what was going to happen is -- and it's in
```

1   actually their motion to consolidate and to join.  It's,

2   relatively speaking, admitted.  They were gonna blow the 90

3   days before this Honorable Court after the EEOC provided

4   their right-to-sue letters.  The date by which they needed to

5   file an amended complaint in this court and bring their Title

6   VII claims was fast approaching.  Instead of seeking leave in

7   this court, which they didn't do in time, and if you look at

8   their motion --

9           THE COURT:  One second.  You said fast approaching.

10  Did it expire or it's approaching?

11          MR. RICHARDSON:  Well, here's what happened.

12  Instead of filing a motion to amend, was it the day of --

13          MS. ZILZ:  Correct.

14          MR. RICHARDSON:  The day -- the 90 days was going

15  to run, they instead filed a new action.  They ran out of

16  time to file a motion for leave.

17          THE COURT:  But they filed a new action and that

18  action is going to proceed before another judge and it

19  doesn't make sense to have two litigations going on.  And

20  since we're consolidating, you know, they got in the door

21  already by filing an action so what difference does it make?

22          MR. RICHARDSON:  Well, you know, the difference is,

23  your Honor, they will now have Title VII claims.

24          THE COURT:  Then we could decide not to consolidate

25  and in that action they could add another claim before the

1  other judge.

2       MR. AYALA:  Your Honor --

3       THE COURT:  I mean, it's the same result usually.

4       MR. AYALA:  It wasn't our fault, your Honor, that

5  when this action was filed, we did not have a right-to-sue

6  letter from the EEOC yet as to MVP Title VII claims.  When we

7  got it, this Court was about to rule on all of the motions to

8  dismiss.

9       THE COURT:  Yeah, and that's why it was preferable

10 to file a new complaint at that time.

11      MR. AYALA:  Correct, your Honor.  And there's no

12 prejudice now just amending the complaint and ask to

13 consolidate -- also consolidate that claim.

14      THE COURT:  Okay.

15      MR. RICHARDSON:  We feel it's contrary to case law

16 but, you know --

17      THE COURT:  But, you know, sometimes case laws have

18 to be reviewed with practicality also.

19      MR. RICHARDSON:  Okay.

20      THE COURT:  And, you know, the result would be not

21 to consolidate then for everybody and then you continue with

22 the other court, you know.  So if you prefer that, maybe we

23 decide not to consolidate.  We decide not to amend and we

24 proceed with our dates.

25      MR. RICHARDSON:  If this is the way that the Court

1  is going, we would prefer consolidation.

2          THE COURT:  Exactly.  It makes sense.

3          MR. RICHARDSON:  Okay.

4          THE COURT:  What I'm going to do then is change the

5  class motion filing to May 29th.  So then the answer, how

6  much time would counsels want to answer, defense counsels, on

7  the class motion?

8          MR. RICHARDSON:  I would say we're going to need to

9  get perhaps rebuttal experts.  I would say 60 days.

10          THE COURT:  Okay.  I'll give -- what?

11          MR. AYALA:  The only -- if the answer to the amended

12  complaint is 60 days, I'm just concerned how that would

13  impact discovery.

14          THE COURT:  Not the answer to the amended

15  complaint --

16          MR. AYALA:  Oh.

17          THE COURT:  -- I'm talking about right now.

18          MR. AYALA:  I apologize, your Honor.

19          THE COURT:  Yeah.  The motion for class cert, I

20  extended yours about 60 days, so May 29th.  They're asking 60

21  days for them to answer, which is reasonable.  I think even

22  last time I gave like March for you to file and May for them

23  to answer.

24          MR. AYALA:  We don't --

25          THE COURT:  So we'll set July 28th and I will give

```
 1   you two weeks to reply after July 28th.  August 11th.

 2           Now how are we proceeding with fact discovery?

 3   Right now we have an August 31st, 2017, date.  Is there

 4   any movement?

 5           MR. AYALA:  Discovery has been propounded by all

 6   sides, your Honor.

 7           THE COURT:  Okay.  Good.  I'll keep those dates

 8   unchanged that I had given earlier, including the plaintiff's

 9   expert, defendant's expert, rebuttal and expert discovery by

10   December 29th.  I'll keep the next status the same date as

11   previously set, September 6th, 2017.  As for the amended

12   complaint, when are you going to file it?

13           MR. AYALA:  We should be ready to file it this week,

14   your Honor.

15           THE COURT:  Okay.  Like by Friday?

16           MR. AYALA:  Certainly, your Honor.

17           THE COURT:  Okay.  So by Friday, it's going to be

18   the 13th.  How much time counsels would like to answer?

19           MR. RICHARDSON:  21 days.

20           THE COURT:  Okay.  That's the normal days.  February

21   3rd to answer.  Okay.

22           Did we cover everything including what was noticed

23   up for Thursday?

24           MR. AYALA:  Everything is covered, your Honor.

25           THE COURT:  Okay.
```

1          MR. RICHARDSON:  Yes, your Honor.  Thank you.

2          THE COURT:  Okay.  Thank you, all.

3          MR. AYALA:  Thank you.

4          MS. ZILZ:  Thank you.

5       (Which concluded the proceedings in the above-entitled

6   matter.)

7                    C E R T I F I C A T E

8          I hereby certify that the foregoing is a transcript

9   of proceedings before the Honorable Samuel Der-Yeghiayan on

10  January 10, 2017.

11

12  */s/Laura LaCien*
    _____          August 31, 2017
13  Laura LaCien                                   Date
    Official Court Reporter
14

15

16

17

18

19

20

21

22

23

24

25