```
 1                 IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3   DERELL PRUITT, et al.,          ) Docket No. 16 CV 5079
                                     )
 4         Plaintiffs,               )
                                     ) Chicago, Illinois
 5              vs.                  ) January 26, 2017
                                     ) 9:00 o'clock a.m.
 6   PERSONNEL STAFFING GROUP, LLC,  )
     doing business as MVP, et al.,  )
 7                                   )
           Defendants.               )
 8

 9
                   TRANSCRIPT OF PROCEEDINGS - Motion
10            BEFORE THE HONORABLE SAMUEL DER-YEGHIAYAN

11

12   APPEARANCES:
     For the Plaintiffs:      WORKERS' LAW OFFICE PC
13                            BY:  MR. CHRISTOPHER J. WILLIAMS
                              53 West Jackson Boulevard
14                            Suite 701
                              Chicago, Illinois  60604
15
     For Personnel Staffing,
16      V-Pak, C&D, and
        MGA:                  KOREY RICHARDSON LLC
17                            BY:  MS. BRITNEY ZILZ
                              20 South Clark Street
18                            Suite 500
                              Chicago, Illinois  60603
19
     For Segerdahl:           VEDDER PRICE PC
20                            BY:  MR. JOSEPH K. MULHERIN
                              222 North LaSalle Street
21                            Suite 2600
                              Chicago, Illinois  60601
22

23              Laura LaCien, CSR, RMR, CRR
                    Official Court Reporter
24         219 South Dearborn Street, Suite 1902
                   Chicago, Illinois  60604
25                      (312) 408-5032
```

```
 1
 2   APPEARANCES:  (Cont'd)
 3
     For Medline:            COZEN O'CONNOR
 4                           BY:  MS. DANIELLE N. HARRIS
                             123 North Wacker Drive
 5                           Suite 1800
                             Chicago, Illinois  60606
 6
     For Georgia Nut:        GORDON & REES LLP
 7                           BY:  MS. LINDSAY A. WATSON
                             One North Franklin
 8                           Suite 800
                             Chicago, Illinois  60606
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1        (The following proceedings were had in open court:)
 2            COURTROOM DEPUTY:  16 C 5079, Pruitt versus
 3   Personnel Staffing.
 4            MS. ZILZ:  Good morning, your Honor.  Britney Zilz
 5   on behalf of defendants Personnel Staffing Group, Visual-Pak
 6   Company, C&D Recycling and Metropolitan Graphic Arts.
 7            THE COURT:  Thank you.
 8            MS. WATSON:  Good morning, your Honor.  Lindsay
 9   Watson on behalf of defendant Georgia Nut Company.
10            MR. MULHERIN:  Good morning.  Joe Mulherin on behalf
11   of The Segerdahl Corp.
12            MS. HARRIS:  Good morning, your Honor.  Danielle
13   Harris on behalf of Medline.
14            THE COURT:  Thank you.
15            MR. WILLIAMS:  Good morning.  Chris Williams on
16   behalf of the plaintiffs.
17            THE COURT:  Okay.  That covers everybody, right?
18   We're not missing any counsel?
19            MS. ZILZ:  That's everyone, your Honor.
20            THE COURT:  Yeah, okay.  So we're here on a defense
21   motion, right?
22            MS. ZILZ:  Correct, your Honor.  Defendant Personnel
23   Staffing Group's motion to deem facts admitted.  We had
24   served discovery by hand delivery on plaintiffs on December
25   7th.  His responses for the request to admit pursuant to Rule
```

1    36(a) were due on December 6th.  We did not -- or January
2    6th.  My apologies.  We did not receive --
3            THE COURT:  Yeah, not the day before.
4            MS. ZILZ:  My apologies.  We did not receive a
5    response to the request to admit.  As plaintiffs indicate,
6    after we filed our motion to deem facts admitted, they filed
7    a response to the request to deem facts admitted with
8    objections on January 23rd.
9            Basically, it is our position that that is
10   insufficient.  There's a statutory deadline under Rule 36(a)
11   that a matter shall be deemed admitted unless answered within
12   30 days.  Plaintiffs did not request any extension of the
13   timeline to answer the request to admit until after we had
14   filed our motion.
15           THE COURT:  Okay.  Counsel?
16           MR. WILLIAMS:  Your Honor, we don't dispute what
17   counsel said.  We missed the deadline.  I take full
18   responsibility.  We misdocketed it.  It was over the holiday.
19   Other defendants sent in discovery and we just misdocketed
20   it.
21           As soon as we noticed, we did respond.  I filed a
22   brief response yesterday.  It is true it's admitted within 30
23   days unless this Court has discretion to grant additional
24   time or this Court allowed -- can allow amendments and, you
25   know, to advance the presentation of the merits on the case.

```
 1            THE COURT:  Let me just ask the question:  The facts
 2   that you requested to be admitted, do they go to the thrust
 3   of the case?
 4            MS. ZILZ:  They go to the merits of the case, your
 5   Honor.
 6            THE COURT:  The merits of the case?
 7            MS. ZILZ:  In particular, it was the fact that the
 8   named plaintiffs have no personal knowledge that any of the
 9   client company defendants requested that MVP steer African
10   Americans away from their facilities that the named
11   plaintiffs don't know the qualifications of the laborers that
12   were assigned out to work.  Allegations such as that that are
13   in the complaint were pled in firsthand knowledge.
14            MR. WILLIAMS:  Judge, if I can.
15            THE COURT:  Yeah.
16            MR. WILLIAMS:  We did respond and, with one
17   exception that's really not -- I don't think very relevant,
18   we've admitted all of their requests.  The only reason we
19   were here is because we filed some objections based on how
20   they defined certain words like you, the word you, who it
21   would be covered because it attempts to impose, we believe, a
22   burden beyond that part.
23            THE COURT:  Okay.  So the questions that you asked
24   plaintiff's counsel to admit or not admit within January 6th,
25   they were all admitted?
```

```
 1            MS. ZILZ:  With objections, your Honor.
 2            THE COURT:  Well, yeah.  But the objections, I
 3   mean -- okay.  Give an example.  You asked him to admit one
 4   question.  Tell me the objection one.
 5            MS. ZILZ:  Your Honor, we asked them to admit that,
 6   for example, named plaintiff Derell Pruitt had no firsthand
 7   knowledge whether Georgia Nut directed MVP not to assign
 8   African American laborers to its work site.
 9            THE COURT:  No firsthand knowledge because plaintiff
10   is making allegations about whether he has firsthand
11   knowledge or not, right?
12            MS. ZILZ:  Correct.
13            THE COURT:  Okay.  And you admitted that he has no
14   firsthand knowledge?
15            MR. WILLIAMS:  So the question is actually phrased
16   admit that you have no firsthand knowledge; and then if you
17   look to the definitions, you -- this is where our objection
18   comes in -- you covers third parties and it's a little bit
19   vague on how they use you.
20            THE COURT:  Well, I don't think so.  Plaintiff is
21   the one who filed the lawsuit; not third parties and --
22            MS. ZILZ:  Correct.
23            MR. WILLIAMS:  No, no.  What I'm saying is they
24   defined you as including other people other than plaintiff
25   and that was the basis of our objection.  Other than that, we
```

```
 1  did admit that, that -- Mr. Pruitt does not have firsthand
 2  knowledge that the defendant --
 3          THE COURT:  So your objection was that --
 4          MR. WILLIAMS:  To the extent it went beyond
 5  Mr. Pruitt.
 6          THE COURT:  -- you, by their definition, went beyond
 7  Mr. Pruitt and you're admitting that Mr. Pruitt himself had
 8  no firsthand knowledge?
 9          MR. WILLIAMS:  That's correct, of that fact.
10          THE COURT:  So how does that sit with you?
11          MS. ZILZ:  Your Honor, it's the people who would be
12  imputed to have knowledge on behalf of Mr. Pruitt that we
13  were identifying, namely his attorney.  There are facts pled
14  in the complaint that MV -- that the client company
15  defendants directed the African Americans -- sorry, directed
16  MVP not to assign African American laborers to their
17  facility.
18          THE COURT:  Yeah.
19          MS. ZILZ:  It's pled not on information and belief.
20  It's pled with firsthand knowledge.  The individuals who
21  would be able to plead that claim, those allegations, that is
22  how we defined the term you.  So we're trying to determine
23  what is the basis for this allegation and our basis is the
24  plaintiffs had no basis for putting these allegations within
25  the complaint and they've admitted it and we don't believe
```

1  that this is a proper complaint or a proper case so it does
2  go to merits.
3         THE COURT:  Okay.  So Pruitt is saying that, yeah, I
4  don't have firsthand knowledge.  You would like Pruitt to
5  tell you whether anybody else had firsthand knowledge?
6         MS. ZILZ:  We want to know Mr. Pruitt and his
7  representatives, the people who legally are speaking for him
8  have no firsthand knowledge.  It is the identification of you
9  that is standard in discovery requests and for determining --
10        THE COURT:  What's wrong with their objections then?
11 I mean, you asked the question you and then he objected
12 saying that, you know, my client Pruitt doesn't have
13 firsthand knowledge.  I mean, what's wrong with that
14 objection?
15        MS. ZILZ:  Your Honor, we don't believe it's a
16 proper objection regardless --
17        THE COURT:  Well, I mean, people could object
18 whether it's proper or not, I mean.
19        MS. ZILZ:  Our point is that they didn't respond
20 within the statutory time frame.
21        THE COURT:  Okay.  The non-response within the
22 statutory period, you know, I'm not too -- I don't want to
23 use the wrong words.  I enforce like rules when they need to
24 be enforced but there are circumstances where sometimes, you
25 know, discretion is exercised to say, look, let the thing

1   proceed on its merits rather than on some, you know, timing
2   of it and counsel has personally accepted responsibility with
3   the holidays and missed the deadline and then filed it so I
4   would consider it not untimely, okay.
5           MR. WILLIAMS: Thank you, your Honor. Appreciate
6   that.
7           THE COURT: So I cannot just let the timeliness
8   issue dictate the merits of a case. I'm not saying that on
9   the merits of the case, you know, you don't have legitimate
10  concerns or defense but let the case proceed on its merits,
11  so. Therefore, I will consider it not untimely.
12          So where does that leave us? Is discovery
13  proceeding as scheduled?
14          MR. WILLIAMS: It is, your Honor. All parties -- I
15  believe all parties have propounded interrogatories and
16  requests for production and requests to admit obviously and
17  we are circulating dates for scheduling depositions in this
18  matter. After that, I think we're circulating the proposed
19  protective orders so that documents can be produced so things
20  are moving forward on discovery.
21          THE COURT: Okay. Anything from defense?
22          MS. ZILZ: No, your Honor.
23          THE COURT: Okay. Thank you.
24          MS. ZILZ: Thank you, your Honor.
25          MR. WILLIAMS: Thank you, your Honor.

1  MR. MULHERIN:  Thank you.

2  (Which concluded the proceedings in the above-entitled

3 matter.)

4  C E R T I F I C A T E

5  I hereby certify that the foregoing is a transcript

6 of proceedings before the Honorable Samuel Der-Yeghiayan on

7 January 26, 2017.

8

9 */s/Laura LaCien*

  _____                August 31, 2017

10 Laura LaCien                                  Date
  Official Court Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25