1

```
 1                IN THE UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3   DERELL PRUITT, et al.,          ) Docket No. 16 CV 5079
                                     )
 4          Plaintiffs,              )
                                     ) Chicago, Illinois
 5              vs.                  ) July 19, 2017
                                     ) 9:00 o'clock a.m.
 6   PERSONNEL STAFFING GROUP, LLC,  )
     doing business as MVP, et al.,  )
 7                                   )
            Defendants.              )
 8

 9
                  TRANSCRIPT OF PROCEEDINGS - Motion
10            BEFORE THE HONORABLE SAMUEL DER-YEGHIAYAN

11

12   APPEARANCES:
     For the Plaintiffs:      WORKERS' LAW OFFICE PC
13                            BY:  MR. CHRISTOPHER J. WILLIAMS
                              53 West Jackson Boulevard
14                            Suite 701
                              Chicago, Illinois  60604
15
     For Personnel Staffing,
16      V-Pak, C&D, and
        MGA:                  KOREY RICHARDSON LLC
17                            BY:  MR. ELLIOT S. RICHARDSON
                              20 South Clark Street
18                            Suite 500
                              Chicago, Illinois  60603
19
     For Segerdahl:           VEDDER PRICE PC
20                            BY:  MR. NICHOLAS ANACLERIO JR
                              222 North LaSalle Street
21                            Suite 2600
                              Chicago, Illinois  60601
22

23            Laura LaCien, CSR, RMR, CRR
                    Official Court Reporter
24          219 South Dearborn Street, Suite 1902
                    Chicago, Illinois  60604
25                      (312) 408-5032
```

```
 1
 2    APPEARANCES:    (Cont'd)
 3
      For Medline:              COZEN O'CONNOR
 4                              BY:   MR. JEREMY J. GLENN
                                123 North Wacker Drive
 5                              Suite 1800
                                Chicago, Illinois   60606
 6
      For Georgia Nut:          GORDON & REES LLP
 7                              BY:   MS. STEPHANIE F. JONES
                                One North Franklin
 8                              Suite 800
                                Chicago, Illinois   60606
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1        (The following proceedings were had in open court:)
 2             THE COURT:  Can you identify which case, sir?
 3             MR. WILLIAMS:  It's Pruitt versus Personnel Staffing
 4   Group.
 5             THE COURT:  Thank you.  We'll call.
 6             MR. WILLIAMS:  And Chris Williams for plaintiffs;
 7   and thank you, your Honor.
 8             THE COURT:  One second.  We'll call the case
 9   first.
10             MR. WILLIAMS:  Okay.
11             COURTROOM DEPUTY:  16 C 5079, Pruitt versus
12   Personnel Staffing.
13             MR. WILLIAMS:  Chris Williams here for plaintiff.
14             THE COURT:  Good morning.
15             MS. JONES:  Good morning, your Honor.  Stephanie
16   Jones on behalf of defendant Georgia Nut Company.
17             MR. RICHARDSON:  Elliot Richardson on behalf of MVP,
18   Visual-Pak and C&D Recycling.
19             MR. GLENN:  Jeremy Glenn on behalf of Medline.
20             THE COURT:  Okay.
21             MR. ANACLERIO:  Good morning, your Honor.  Nic
22   Anaclerio appearing on behalf of The Segerdahl Corporation,
23   also a defendant.
24             THE COURT:  Okay.  So do we have all the defendants
25   represented today?
```

```
 1              MS. JONES:  Yes.
 2              MR. GLENN:  We do.
 3              THE COURT:  Okay.  There is a motion filed by
 4   Georgia Nut Company today?
 5              MS. JONES:  Your Honor, yes.  I took the laboring
 6   oar of getting it on file.  The motion is actually a joint
 7   motion on behalf of all the defendants, though.
 8              THE COURT:  So I want to make sure that
 9   previously -- did we give any, like, summary judgment hearing
10   dates previously?
11              MS. JONES:  I don't think so, your Honor.
12              THE COURT:  Okay.  Let me grab my file first and see
13   what happened previously and I'll go from there.  Since we
14   called it out of order, now I got to find my file out of
15   17,045 pieces of documents.  That's how many you guys filed,
16   you know.  Okay.
17              Back in November of 2016, I had set dates for class
18   motion, answer, reply.  And then fact discovery to go until
19   August 31, 2017, and then with expert discovery and I did not
20   set any summary judgment dates to see what happens.  And then
21   I believe May 25th, Mr. Williams, you were needing some time.
22   I think we struck dates, correct?
23              MR. WILLIAMS:  I think the motion -- the deadline to
24   file a motion for class certification you struck at that
25   time.
```

1      THE COURT:  We struck that date, okay.  Since then,
2 discovery has been proceeding, right?
3      MS. JONES:  Correct.
4      MR. WILLIAMS:  Correct.
5      THE COURT:  Okay.  And is discovery -- because I
6 gave like fact discovery until August 31st, when I saw the
7 motion for summary judgment, I usually wait after fact
8 discovery is completed.  Do the parties believe that fact
9 discovery is completed that is ripe for a motion for summary
10 judgment?
11      MS. JONES:  These motions for summary judgment,
12 there are two.  They are specific to two separate plaintiffs,
13 Mr. Ronald Peterson and Mr. Derell Pruitt.  And it's a little
14 out of order on the timeline because they are motions to
15 dismiss for judicial estoppel and lack of standing.
16      We found out at Mr. Pruitt's deposition that he did
17 not disclose this lawsuit in his bankruptcy proceedings that
18 were discharged in 2016 and then Mr. Peterson's bankruptcy
19 was discharged at the end of June of this year so just about
20 three weeks ago.
21      THE COURT:  Okay.  So will that be on behalf of only
22 specific defendants and only to specific claims or by
23 specific defendants for all claims against those defendants?
24      MS. JONES:  It's by all defendants for all claims by
25 those.

```
 1                THE COURT:  So by all defendants for all claims?
 2                MS. JONES:  Right.
 3                THE COURT:  So based on that if the motion is
 4    adjudicated, briefing is done and it's granted, there's no
 5    more a case pending?
 6                MS. RICHARDSON:  That's correct.
 7                THE COURT:  Right?
 8                MS. JONES:  We'd argue that; yes.
 9                THE COURT:  Basically.
10                MS. JONES:  Yes.
11                THE COURT:  Okay.  What's your position?
12                MR. WILLIAMS:  Well, I agree that they believe it
13    would be dispositive of all claims in the case and so it's a
14    very serious motion --
15                THE COURT:  Sure.
16                MR. WILLIAMS:  -- and we would ask, of course, leave
17    to brief that and actually would ask for 28 days given their
18    two motions.  It's a relatively novel argument and they're
19    claiming it would be dispositive.
20                THE COURT:  Okay.  Do you have any problem, defense
21    counsels, for 28 days for a response to the motion?
22                MS. JONES:  Well, we have some, I guess,
23    reservations about agreeing to that.  These are typically
24    routinely granted here in the Northern District on a 12(b)(6)
25    motion.  It's pretty clear that from the bankruptcy
```

1   proceedings and from Mr. Pruitt's testimony.
2           THE COURT:  If the facts are true.
3           MS. JONES:  Correct, that it wasn't disclosed.
4           THE COURT:  Yeah.
5           MS. JONES:  There's not much by way of discovery or
6   other information that needs to be ascertained in order to
7   respond to this.
8           THE COURT:  So you're saying either it was disclosed
9   or it was not disclosed and that's very easy.  It's in
10  the possession of --
11          MS. JONES:  Right.
12          THE COURT:  -- the holder.
13          MS. JONES:  Right.
14          THE COURT:  -- in due course.
15          MS. JONES:  Right.
16          MR. WILLIAMS:  And, your Honor, we just got the
17  motion but the preliminary research that I've done shows that
18  there are some nuances to that and we'd like to brief that.
19  And, you know, frankly there's a, I think, something of a
20  misrepresentation in one of the motions we'd like to point
21  out in terms of disclosure but there are cases that go both
22  ways depending on the facts in the case.
23          THE COURT:  Okay.  Can you live with 21 days?
24          MR. WILLIAMS:  The only problem -- I've got some
25  travel plans as well in the summer.

```
 1         THE COURT:  I get it.  I'm going to give you 28
 2   days.
 3         MR. WILLIAMS:  Thank you, your Honor.
 4         THE COURT:  Okay.  So July 19th today.  28 days will
 5   be Wednesday, August 2nd.  No.  That's 21 -- that's 14 days.
 6   Wednesday, August 16th.  And how many days after Wednesday,
 7   August 16th, would counsels for defense like to reply, like
 8   within three hours?
 9         MS. JONES:  I think a week would be just fine, your
10   Honor.  If we could have --
11         THE COURT:  One week?
12         MS. JONES:  If we could have seven days, I think
13   that that would be sufficient.
14         THE COURT:  Wow.  I thought you'd say like next day,
15   Judge, because it's so routine and we know the facts and --
16         MS. JONES:  Well, these nuanced issues of law
17   that Mr. --
18         THE COURT:  The nuances you have to reply to, I
19   know.  August 23rd.
20         MS. JONES:  Thank you, your Honor.
21         THE COURT:  I will -- let's see.  Previously we had
22   a September 6th date status.  I will keep that date.
23         MR. WILLIAMS:  Okay.
24         THE COURT:  I'll rule on it.  Okay.
25         MS. JONES:  Thank you, your Honor.
```

1           THE COURT:  Okay.
2           MR. ANACLERIO:  Your Honor, Nic Anaclerio for
3  Segerdahl.  I wanted to apprise you of one thing that hasn't
4  on the record yet.
5           Of the three names plaintiffs in this putative class
6  action, two are the individuals that failed to make
7  disclosures in their bankruptcy proceedings and therefore
8  became estopped from pursuing these claims.
9           THE COURT:  Okay.
10          MR. WILLIAMS:  Allegedly.
11          MR. ANACLERIO:  The third is technically still in
12 the case and is not the subject of the motions that are
13 before you but it is my understanding that he wishes to
14 withdraw from this lawsuit for reasons that relate to his
15 inability to testify at deposition to certain things that we
16 believe would most probably have incriminated him in a
17 criminal context.
18          THE COURT:  I see.  So you're just wanting to make
19 sure that the record is clear about that?
20          MR. ANACLERIO:  So your Honor is not thinking that
21 all three of these named plaintiffs are --
22          THE COURT:  I got it.  I appreciate that very much.
23 The bottom line will be the same but for different reasons.
24 Thank you so much.
25          MR. ANACLERIO:  I believe so.

```
 1              THE COURT:  I appreciate that.  Okay.
 2              MR. WILLIAMS:  And, your Honor, I just would insert
 3   the word allegedly in the failure to disclose statement that
 4   counsel made.
 5              THE COURT:  It's always allegedly, I mean, you
 6   know.
 7              MR. WILLIAMS:  But I would also ask, we have some
 8   motions to compel with defendants and I think I know
 9   defendant Personnel Staffing Group has agreed with us that it
10   might not make sense to move on those motions to compel.
11   We're seeking significant amounts of discovery while this is
12   pending.  I don't know if you agree with that.
13              THE COURT:  I will address that after September 6th.
14   First, let me see what's happening with this serious motion
15   because --
16              MR. RICHARDSON:  Okay.
17              THE COURT:  -- if it's not disposed of because of
18   the nuances, then we'll address the dates and the issues
19   relating to compel.
20              MR. WILLIAMS:  Thank you, your Honor.
21              THE COURT:  Okay.
22              MR. WILLIAMS:  Thank you for accommodating me as
23   well.
24              THE COURT:  Anybody else, anything?
25              MS. JONES:  No.  Thank you, your Honor.
```

```
 1            MR. RICHARDSON:  Thank you.
 2            MR. GLENN:  Thank you.
 3            THE COURT:  Thank you very much.  Take care.
 4       (Which concluded the proceedings in the above-entitled
 5   matter.)
 6                     C E R T I F I C A T E
 7         I hereby certify that the foregoing is a transcript
 8   of proceedings before the Honorable Samuel Der-Yeghiayan on
 9   July 19, 2017.
10
11   /s/Laura LaCien
     _____             August 31, 2017
12   Laura LaCien                              Date
     Official Court Reporter
13
```