```
 1                    IN THE UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF ILLINOIS
 2                            EASTERN DIVISION

 3   DERELL PRUITT, et al.,          ) Docket No. 16 CV 5079
                                     )
 4          Plaintiffs,              )
                                     ) Chicago, Illinois
 5            vs.                    ) August 10, 2017
                                     ) 9:00 o'clock a.m.
 6   PERSONNEL STAFFING GROUP, LLC,  )
     doing business as MVP, et al.,  )
 7                                   )
            Defendants.              )
 8

 9
                      TRANSCRIPT OF PROCEEDINGS - Motion
10            BEFORE THE HONORABLE SAMUEL DER-YEGHIAYAN

11

12   APPEARANCES:
     For the Plaintiffs:      WORKERS' LAW OFFICE PC
13                            BY:  MR. CHRISTOPHER J. WILLIAMS
                              53 West Jackson Boulevard
14                            Suite 701
                              Chicago, Illinois  60604
15
     For Personnel Staffing,
16      V-Pak, C&D, and
        MGA:                  KOREY RICHARDSON LLC
17                            BY:  MR. ELLIOT S. RICHARDSON
                                   MS. MICHELE D. DOUGHERTY
18                            20 South Clark Street
                              Suite 500
19                            Chicago, Illinois  60603

20   For Segerdahl:           VEDDER PRICE PC
                              BY:  MR. JOSEPH K. MULHERIN
21                            222 North LaSalle Street
                              Suite 2600
22                            Chicago, Illinois  60601

23
                      Laura LaCien, CSR, RMR, CRR
24                       Official Court Reporter
                  219 South Dearborn Street, Suite 1902
25                      Chicago, Illinois  60604
                            (312) 408-5032
```

APPEARANCES:   (Cont'd)


For Medline:              COZEN O'CONNOR
                          BY:  MS. DANIELLE N. HARRIS
                          123 North Wacker Drive
                          Suite 1800
                          Chicago, Illinois  60606

For Georgia Nut:          GORDON & REES LLP
                          BY:  MS. STEPHANIE F. JONES
                          1 North Franklin
                          Suite 800
                          Chicago, Illinois  60606

1    (The following proceedings were had in open court:)

2         COURTROOM DEPUTY:  16 C 5079, Pruitt versus

3    Personnel Staffing.

4         MS. JONES:  Good morning, your Honor.  Stephanie

5    Jones on behalf of defendant George Nut company.

6         THE COURT:  Good morning.

7         MR. RICHARDSON:  Good morning, your Honor.  Elliot

8    Richardson and Michele Dougherty on behalf of Personnel

9    Staffing Group, V-Pak, C&D Recycling and MGA.

10        THE COURT:  Good morning.

11        MS. HARRIS:  Good morning, your Honor.  Danielle

12   Harris on behalf of Medline.

13        MR. MULHERIN:  Good morning.  Joe Mulherin on behalf

14   of Segerdahl.

15        THE COURT:  Good morning.

16        MR. WILLIAMS:  Good morning.  Chris Williams on

17   behalf of the plaintiffs.

18        THE COURT:  Did I miss someone?

19        MS. DOUGHERTY:  Oh, I'm sorry.  Michele Dougherty

20   for defendants Personnel Staffing, Visual Pak, C&D Recycling

21   and MGA.

22        THE COURT:  Thank you.

23        MS. DOUGHERTY:  Thank you.

24        THE COURT:  I don't know what's happening with the

25   parties with the magistrate judge.  Can you tell me what's

1   happening?

2            MR. WILLIAMS:  With the magistrate judge?

3            THE COURT:  Yeah.

4            MR. WILLIAMS:  Judge, we have -- we had filed a

5   motion to compel against Personnel Staffing Group, the

6   staffing agency, as had Personnel Staffing Group filed a

7   motion to compel as to one of the plaintiffs.  We were in the

8   midst of briefing that.

9            We think in light of -- at our last status when the

10  defendants had filed these motions for summary judgment and I

11  believe feel that those motions potentially are dispositive

12  of the entire case, what we understood was we were going to

13  come back in September, I believe, before this Court for a

14  ruling.  And so in light of that pending motion against the

15  plaintiffs with regard to whether they'll -- I have a motion

16  for summary judgment, whether the motion to compel would be

17  mooted out.

18           THE COURT:  Okay.  That's what I thought.

19           MR. WILLIAMS:  And I don't want to speak for

20  defendants.

21           THE COURT:  There was this huge write-up in the

22  docket from the Magistrate Judge about postponing the motion

23  to compel issues.  The summary judgment, was that filed by

24  Georgia Nut?

25           MS. JONES:  Your Honor, I took the laboring oar of

1   putting it all together and filing it but it is on behalf of
2   all the defendants.
3          THE COURT:  So it includes every defendant?
4          MS. JONES:  That's correct.
5          THE COURT:  And a ruling on the summary judgment
6   motion, if granted, will basically end the case?
7          MS. JONES:  That's our position.  Mr. Williams has a
8   motion up today regarding the third and final plaintiff.  The
9   two motions for summary judgment are regarding two named
10  plaintiffs.  There's a third, Mr. Plaz Hall Murdock, Junior.
11  Today's motion is for Mr. Williams regarding the removal of
12  Plaz Hall Murdock and a substitution of another named
13  plaintiff so that's basically the status of who would be
14  remaining.
15         MR. WILLIAMS:  And, Judge, if I can, in terms of the
16  two motions for summary judgment, we believe those are will
17  not terminate the case.  We believe there's not a basis for
18  the summary judgment so if you grant it --
19         THE COURT:  Well, I mean, you're going to file the
20  briefing.
21         MR. WILLIAMS:  Right.
22         THE COURT:  I gave answer August 16th.  You still
23  have six days.
24         MR. WILLIAMS:  Correct.
25         THE COURT:  And then there's a reply date of August

1   23rd.  You believe that you could defeat the summary judgment

2   motion?

3           MR. WILLIAMS:  Right.  So we have -- we believe --

4   we'll respond to that, as we said.  So we disagree, as

5   counsel indicated.  But also our motion today, in addition to

6   asking to remove Mr. Murdock as a named plaintiff but

7   allowing to remain as a class member, for personal reasons

8   that were set forth in the document filed -- that we're

9   seeking to file under seal, we're asking for leave to amend

10  the complaint to substitute somebody, another individual who

11  sought work through defendant -- defendant staffing agency

12  for Mr. Murdock.

13          THE COURT:  What's the name of that individual?

14          MR. WILLIAMS:  Arthur Mitchell.

15          THE COURT:  Are there already remaining named

16  individual other than Murdock?

17          MR. WILLIAMS:  Just the two who are subject to the

18  motion for summary judgment.

19          THE COURT:  And their names are?

20          MR. WILLIAMS:  They are Ronald Peterson and Derell

21  Pruitt.

22          THE COURT:  Peterson and Pruitt?

23          MR. WILLIAMS:  Yes.

24          THE COURT:  Do you need to add this latest

25  individual?

1         MR. WILLIAMS: Your Honor, we can certainly wait and

2 see the outcome of the motion for summary judgment and if

3 there, it would be -- continue to be two named plaintiffs

4 and, you know, potentially not.

5         THE COURT: I mean, what's the purpose of adding

6 another plaintiff if there are two named plaintiffs already;

7 and by amending the complaint, we're creating more work.

8 Then I need an answer or pleadings on an amended complaint.

9 What are we gaining?

10         MR. WILLIAMS: Why don't -- I take your point, your

11 Honor, and why don't I withdraw that portion without

12 prejudice and, you know, after you rule on the motion for

13 summary judgment we can visit whether it's appropriate to

14 amend and substitute plaintiff.

15         THE COURT: If the motion for summary judgment is

16 not granted?

17         MR. WILLIAMS: If it's not granted, then the two

18 named -- either one or two of the named plaintiffs will

19 remain in the case.

20         THE COURT: And if it's granted?

21         MR. WILLIAMS: If it's granted, if -- you know,

22 there's very strong case law in this circuit that if a named

23 plaintiff for some reason can't proceed, it's pretty --

24 especially prior to class classification, it's a pretty

25 normal thing to substitute in another putative class member

1   as a named plaintiff.

2          Obviously, that would be something litigated but I'm

3   just saying that at that point if the two named plaintiffs --

4   other named plaintiffs are, for some reason, dismissed from

5   the case, then I think we would definitely want to seek to

6   substitute.  In another similar case, Judge Ellis just

7   granted our motion to substitute in a plaintiff for --

8          THE COURT:  Well, I don't want to, like, adjudicate

9   a full summary judgment motion and then when the motion for

10  summary judgment is granted, all of the sudden plaintiff

11  comes and says, okay, now we're going to start the clock

12  again, I have another plaintiff here.

13         MR. WILLIAMS:  Yeah.  That was our -- that was our

14  point in bringing the motion at this point but --

15         THE COURT:  Counsel?

16         MR. RICHARDSON:  Yeah, your Honor.  I mean, we're

17  going to strongly oppose bringing in this new person for Plaz

18  Murdock-Alexander, Junior -- I think I said that name

19  right -- for a host, a host of reasons that we'd prefer to

20  put into writing in part because there's a lot there and,

21  secondly, because there's a motion for a protective order

22  which, until that's adjudicated, there's a lot of reasoning

23  that we would put forth to the Court why this new person,

24  Mr. Mitchell, is just not in the same situation as

25  Mr. Murdock-Alexander.

1           So we don't think there's any basis for bringing in

2   a new plaintiff at this juncture in the case after all of the

3   litigation that's passed and gone on so far.  But, you know,

4   at some point we're going to want to respond and lay out for

5   this Court the reasons we oppose this.

6           THE COURT:  Did I hear a name of Alexander?

7           MR. WILLIAMS:  It's Plaz Hall Murdock-Alexander,

8   Junior.  It's a very long name.

9           THE COURT:  Okay.  We're referring to the same --

10          MR. WILLIAMS:  You heard lots of names.

11          THE COURT:  But Murdock that we had?

12          MR. RICHARDSON:  Murdock, yeah.

13          MR. WILLIAMS:  I think if we can just call him

14  Murdock, I think he would -- it would be easier.

15          MR. RICHARDSON:  Probably a lot easier.

16          THE COURT:  Did we have the class dates, class

17  motion dates?

18          MR. WILLIAMS:  We didn't, your Honor.  If you recall

19  back in May, I had an illness that required me to be

20  hospitalized.  You reset and said we would revisit, I think,

21  in the fall.  Did I -- am I stating that accurately?

22          MR. RICHARDSON:  I don't recall what exactly what

23  was said.

24          MR. WILLIAMS:  You vacated the class certification

25  date.

1        MR. RICHARDSON:  You did.

2        THE COURT:  Well, I'm like looking.  We did vacate

3   it but I want to revive it.  I just don't want to rule on

4   summary judgment motion without ruling on the class motion so

5   let's set a date for the class motion.  When can you file it?

6        MR. WILLIAMS:  Well, so then it goes back to the

7   question of is it premature to substitute an individual for

8   Mr. Murdock.  In light of the fact that defendants have filed

9   what they believe are dispositive motions as to the two

10  remaining named plaintiffs, we think it would be

11  appropriate -- and again, we're happy to provide the Court

12  with the case law that, you know -- because the class

13  member -- the reality is, your Honor, if this case were

14  dismissed because the two named plaintiffs were -- the

15  remaining named plaintiffs were removed under American Pipe

16  tolling, any other individual in the class could come forward

17  and start this whole process over again.

18       THE COURT:  But that's why I'm saying, I just don't

19  want to rule on just the two individuals now relating to

20  summary judgment because where are we going?  It just keeps

21  going and I don't want to keep going.  If you file your class

22  motion, we'll brief the class motion; and then together with

23  the summary judgment, I'll make a ruling on both class motion

24  and a summary judgment motion.

25       MR. WILLIAMS:  I think the challenge here, your

1    Honor, is defendants are asserting defenses as to the

2    individual named plaintiffs and as to their adequacy which is

3    one of the elements of class certification.  But it doesn't

4    go to the other elements of the class certification -- of

5    class certification.

6         THE COURT:  That's why I'm saying, I want to

7    adjudicate the class certification motion at the same time

8    and it doesn't make sense just to rule on the summary

9    judgment motion without having a class motion.

10        MR. WILLIAMS:  The issue that this -- and this is

11   where I'm struggling here, your Honor, and I'm  --

12        THE COURT:  I'll hear you.

13        MR. WILLIAMS:  The issue is if you were to deny

14   certification solely because of the adequacy of the

15   individual named plaintiffs, at that point the plaintiffs

16   would seek to substitute in a new named plaintiff, which is,

17   you know, as the Seventh Circuit has said, a fairly routine

18   thing prior to class certification.

19        MR. RICHARDSON:  Your Honor --

20        THE COURT:  Well, the individual right now that you

21   want to substitute, Mitchell, right?

22        MR. WILLIAMS:  Correct.

23        THE COURT:  Then you will then file your motion for

24   class because you now have all the plaintiffs you need?

25        MR. WILLIAMS:  We would have addressed any potential

1  problem, we believe, with the issue of the adequacy of the

2  class representative.

3      MR. RICHARDSON:  Your Honor --

4      THE COURT:  Yes?

5      MR. RICHARDSON:  -- from our perspective, the

6  plaintiff has to meet all our burdens, including adequacy of

7  class representative, and the people that they brought

8  forward in this case that had been litigating this case for

9  an awful long period of time, we've done -- we've done

10  considerable work to demonstrate they are not adequate class

11  representatives.  And at this juncture -- I mean, I don't

12  want to argue the law standing here right now but at this

13  juncture to say, okay, I want to a do-over because this guy

14  isn't an adequate class representative and I want to bring in

15  somebody new at this point, we're going to have to do

16  discovery on that person, we're going to have to take that

17  person's deposition again.  We've already taken the three

18  named plaintiffs' depositions.  It just puts the entire case

19  backwards after a lot of work has already been done and we

20  would put all of that into a motion.

21      Moreover, the new person, Mitchell, we don't believe

22  sits in the shoes of Mr. Murdock who is attempting to

23  substitute him in on for multiple reasons so he would be an

24  improper class representative to substitute in for Murdock.

25      THE COURT:  Let me ask you this:  When you filed the

1    summary judgment motion, did you address Murdock?

2         MR. RICHARDSON:  We didn't address Murdock because

3    there has been discussions.  Murdock, we don't believe, can

4    remain in this case at all.  I think there's an agreement --

5    there could be an agreement on that.  I don't know.  So we've

6    been discussing the dismissal of Murdock from the case

7    because he is not an adequate class representative.  So we

8    didn't feel there was any need to file a motion for summary

9    judgment on Murdock but we could do that.  And we could also,

10   in our motion to deny class certification, explain all the

11   reasons why Murdock is an absolutely inadequate class

12   representative.

13        THE COURT:  Well, Murdock was already in, right?

14        MR. WILLIAMS:  Murdock was in.  Murdock, for

15   personal reasons, did not want to continue.

16        THE COURT:  I'm hearing something else from you and

17   from defense counsel.  Defense is saying he's not an adequate

18   representative.

19        MR. WILLIAMS:  That's the legal conclusion that has

20   not been briefed.

21        THE COURT:  And you're saying that there's personal

22   reasons.

23        MR. WILLIAMS:  Yes.

24        THE COURT:  I don't know what personal reasons could

25   be.  He was a plaintiff.  When a plaintiff wants to pursue a

 1  case, personal reasons could be a variety of things.  I have
 2  no clue what it is but --
 3          MR. WILLIAMS:  Judge, the Exhibit A to my motion
 4  that's the subject of our -- also our Motion to File Under
 5  Seal and for Protective Order explains his personal reasons
 6  so it's before the Court.  We just -- for personal reasons we
 7  believe are, as we say, personal and do not --
 8          THE COURT:  You want to keep that under seal?
 9          MR. WILLIAMS:  That's correct.
10          THE COURT:  Yeah.
11          MR. MULHERIN:  Your Honor, if I might.  Joe
12  Mulherin, counsel for Segerdahl.
13          So Mr. Murdock wants out of the case so then -- you
14  know, and he should be let out of the case if he wants --
15  if he no longer wants to proceed as a named plaintiff.  So
16  then you have two additional named plaintiffs that we believe
17  will be disposed of in summary judgment.
18          And so I think one of the underlying assumptions
19  here is that just because you file a class action complaint,
20  that you can proceed to class certification.  We think that
21  once the summary judgment motions are decided, there's no
22  case and so, you know, to allow opposing counsel to then add
23  someone else to keep this whole class action that was never
24  certified alive would not be correct.
25          THE COURT:  Yeah, but there is a class motion that

1   counsel filed and this isn't two individuals filing a

2   lawsuit.  Otherwise, if just we adjudicate summary judgment

3   on those two individuals, what happened to the counsel's

4   initial request for a class?  I need to adjudicate the class

5   motion also.  There's got to be some class motion filed and

6   briefed.  The sole question right now is whether Mitchell

7   will be added or not.  That's the sole question --

8            MR. RICHARDSON:  Your Honor --

9            THE COURT:  -- right now.

10           MR. RICHARDSON:  Oh, I'm sorry.  Look it, there's

11  three class representatives that are the folks that have

12  ridden this case from the beginning, that started the case

13  from the beginning.  We've taken our depositions.  These are

14  the folks that are in the case right now and bringing

15  somebody else into the case at this juncture means the case

16  is essentially going to start over at least with respect to

17  that person.  So, you know, in terms of a motion to class

18  certification on these three individuals, you know, if

19  they're inadequate class representatives, we -- those were --

20  those were the class representatives that were chosen by

21  plaintiff's counsel to bring this case.

22           On top of that, Mitchell, who is the new guy, isn't

23  going to -- in our opinion when the Court hears the issues

24  wouldn't be an adequate class -- would not be adequate to

25  replace Mr. Murdock anyways because he doesn't fall into his

1  shoes for a variety of reasons.  We might not know that,

2  though.

3        THE COURT:  How about, counsel for plaintiff, you

4  file a class motion and in that class motion argue why -- in

5  addition to filing class motion, why Mitchell should be added

6  as a class plaintiff and then I'll receive the answer from

7  the other side, you'll file a reply, and then I'll rule on

8  that motion together with the briefed motion for summary

9  judgment.

10        MR. WILLIAMS:  Judge, I was just going to suggest

11  exactly that and, that way, you have everything litigated in

12  front of you --

13        THE COURT:  Exactly.

14        MR. WILLIAMS:  -- and all of our arguments made.

15        THE COURT:  Yeah.

16        MR. WILLIAMS:  The only issue I would say is because

17  discovery was sort of stalled pending these -- you know, the

18  allegedly dispositive motions, we will need a little time

19  because now we need to get it finished with discovery on the

20  class --

21        THE COURT:  That's why I was wondering why we kind

22  of postponed it because in your opinion you didn't think that

23  summary judgment is appropriate and so discovery should have

24  continued.  That's why my initial question when the parties

25  stood up here --

1      MR. WILLIAMS:  Fair enough.

2      THE COURT:  -- what is going on, so.

3      MR. MULHERIN:  Your Honor, if I may again.  You

4  know, I think the understanding at the last hearing -- and I

5  wasn't there -- was that the summary judgment motions would

6  dispose of the case because there would no longer be any

7  active plaintiffs with the idea that Murdock, you know, would

8  have dismissed himself.  And so again, my understanding is if

9  there are no plaintiffs, then no class can proceed.  And

10  additionally I think that --

11      THE COURT:  Look, look, Murdock was in the class

12  from a named plaintiff.  So for some reason, Murdock is not

13  going to be.  He wants to substitute Murdock.  If you have an

14  opposition for that substitution, it will be briefed.

15      So, counsel for plaintiff, you are saying that just

16  a little more discovery on that before filing of the class.

17  How much discovery are you talking about because right now, I

18  believe it ends August 31st.

19      MR. WILLIAMS:  Your Honor, we would ask until

20  October 15th to file the motion and that would allow us to do

21  focused discovery on class certification.

22      THE COURT:  I'm going to be fine with that.

23      MR. WILLIAMS:  Okay.

24      THE COURT:  October 15th, counsel can, for

25  plaintiff, file your class motion and in it argue why

1  Mitchell should be added as part of the class and make all

2  the other arguments.  Defense, you could argue why he

3  shouldn't be added and make your other arguments why the

4  class is not appropriate, whether he's included or not

5  included, both ways.

6         And I will ask counsels for defense, since you have

7  too many of you, what date would you like after October 15th

8  to answer that?

9         MR. RICHARDSON:  But, your Honor, a couple questions

10 for clarification purposes.  So we're not going to do

11 discovery on Mitchell right now because he's not in the

12 case.

13        THE COURT:  That's right, because he's going to

14 argue why Mitchell should be added.

15        MR. RICHARDSON:  Okay.  So if Mitchell was added, we

16 would be able to do then discovery on him if he's added to

17 the case?

18        THE COURT:  If I decide in my ruling to add, yes.

19        MR. RICHARDSON:  Yes.

20        THE COURT:  Yes.

21        MR. RICHARDSON:  Yes.  And the second thing is there

22 are pending bankruptcy -- you know, motions for summary

23 judgment are pending right now on the bankruptcy issue with

24 respect to Pruitt and Peterson, the other two named

25 plaintiffs, and I believe we have a briefing schedule on that

1   right now.  So will the Court be entertaining those motions

2   and ruling on those motions before ruling on the motion for

3   class certification if that's appropriate?

4              THE COURT:  Is the bankruptcy proceedings before me?

5              MR. WILLIAMS:  No, Judge.  Their motion --

6              MR. RICHARDSON:  Our motion for summary judgment

7   based on the bankruptcy proceeding so --

8              THE COURT:  Okay.

9              MR. RICHARDSON:  -- we've got that pending right

10  now.

11             THE COURT:  Let's not confuse the issue because I'm

12  also a bankruptcy appeal judge for bankruptcy purposes.

13             MR. RICHARDSON:  Sorry about that, Judge.

14             THE COURT:  So you're talking about the summary

15  judgment motion.  Right now, I had given summary judgment

16  dates of August 16th answer and August 23rd reply.  What are

17  you suggesting?

18             MR. RICHARDSON:  I believe we should -- I believe we

19  should keep those dates.  And if the Judge looks at those

20  motions, if you look at those motions and it's appropriate to

21  dismiss those plaintiffs on summary judgment, then I think

22  that would simplify the issues on class certification as

23  well.

24             THE COURT:  Time out, time out, time out.  I want

25  the class motion to be filed by October 15th together with

1   reasons why Mitchell should be added.  And when would your

2   answer be to that motion?

3           MS. JONES:  November 30th?

4           MR. RICHARDSON:  Yeah.  November 30th, your Honor?

5           THE COURT:  45 days?

6           MR. RICHARDSON:  Yes.

7           THE COURT:  That's fine with me.  When would you

8   like your reply?

9           MR. WILLIAMS:  December -- I think it was November

10  30th?

11          THE COURT:  November 30th.

12          MR. RICHARDSON:  November 30th.

13          MR. WILLIAMS:  December 15th?

14          THE COURT:  15 days, that's it?

15          MR. WILLIAMS:  I'm sorry, Judge.  With the

16  holidays --

17          THE COURT:  The 22nd?

18          MR. WILLIAMS:  22nd would be great.

19          THE COURT:  Okay.  December 22nd reply.  I will then

20  rule both on the summary judgment motion that's going to be

21  briefed already -- the dates have been given -- and the class

22  motion at the same time so I will set a -- let's see what

23  date we could -- I mean, I might rule summary judgment motion

24  before the class motion briefing, too.  I just will review

25  everything after it's filed and decide when to rule.  But for

1  purposes of next status, I'll just set February 28th.

2          MR. WILLIAMS:  And, Judge, just so we're all clear,

3  we're -- we can proceed obviously with class --

4  discovery-related class certification during this period so

5  that we can have that discovery in order to file our motion?

6          THE COURT:  Except for Mitchell.

7          MR. WILLIAMS:  Except for discovery as to

8  Mitchell.

9          THE COURT:  Yep.  And then I gave you the dates and

10  you have the dates for the summary judgment motions and then

11  you have the date for the next status.  Then I will decide

12  what to do when I receive the reply of summary judgment and

13  then I will wait for the class and then decide what to do on

14  that.

15          MS. JONES:  Your Honor, I'd like to bring something

16  to your attention.

17          THE COURT:  Sure.

18          MS. JONES:  It's a housekeeping matter.  But as to

19  one of the motions for summary judgment on Peterson, we are

20  going to be amending the motion for summary judgment not in

21  substance in any of the arguments but just on some facts

22  basically removing certain things -- not adding new arguments

23  or anything of substance -- and we'll probably be doing that

24  today so I just wanted to bring it to your attention so that

25  you're aware of it.

1          THE COURT:  So basically you're re-filing your

2   summary judgment motion today?

3          MS. JONES:  On one of the plaintiffs, correct.

4          THE COURT:  Okay.  And then what I'm going to do is

5   change the dates.  How much time would you like to answer

6   because it's going to be filed today?

7          MR. WILLIAMS:  Filed today.  Can we get 21 days?

8          THE COURT:  Okay.  So today is August 10th.  August

9   31st will be the answer to summary judgment motion.  How much

10  time to reply?

11         MS. JONES:  I think 14 days will be appropriate.

12         THE COURT:  Okay.  September 14.

13         MR. WILLIAMS:  And, Judge, again just to clarify,

14  are those dates as to both summary judgment motions?

15         THE COURT:  The summary judgment motion that was

16  filed earlier --

17         MR. WILLIAMS:  There were two filed.

18         THE COURT:  You're going to file both or just one?

19         MS. JONES:  I'm going to amend only one of them.

20         MR. WILLIAMS:  We just --

21         THE COURT:  Okay.  This is becoming like, you know,

22  too many filings.  File today both of them again --

23         MS. JONES:  Okay.

24         THE COURT:  -- with the amendment of one of them.

25         MS. JONES:  Sure.

1          THE COURT:  Okay.  It will be clean.

2          MR. WILLIAMS:  Thank you.

3          THE COURT:  Okay.

4          MS. JONES:  Is there anything you'd like me to file

5    in terms of withdrawing the first two from the docket?

6          THE COURT:  No.

7          MS. JONES:  Okay.

8          THE COURT:  I'm just telling you that's stricken

9    right now.  I'm striking that.

10          MS. JONES:  Understood.

11          THE COURT:  And then you're going to file one clean

12    summary judgment motion, or whatever, for the two today and

13    then the answer will be August 31st.  Reply will be September

14    14th.  So you have the class motion dates also.  Next status

15    is February 28th, 2018.  I don't know if there's anything

16    further needs to be done before magistrate judge.  That's up

17    to the magistrate judge without changing my dates.

18          MR. WILLIAMS:  Okay.  Thank you, your Honor.

19          MR. MULHERIN:  Your Honor, the only other point of

20    clarification was there were two motions filed by opposing

21    counsel, one related to a protective order for Mr. Murdock.

22    I don't know how you want to handle that in light of the

23    fact -- or whether opposing counsel wants to withdraw that

24    motion in light of the fact that it will be briefed at the

25    class certification.

1    MR. WILLIAMS:  Judge, we would ask that the subject

2    of the protective order is that briefings related to the

3    reason Mr. Murdock wants to withdraw be filed under seal.  We

4    believe the only purpose for making those public are to

5    embarrass and harass him and so we would ask that that be

6    granted.

7    THE COURT:  Just the portion that the reasons be

8    under seal?

9    MR. WILLIAMS:  That's correct.

10   THE COURT:  Okay.

11   MR. WILLIAMS:  And our Exhibit A to our motion be

12   granted.

13   THE COURT:  Do you have any major problem with that?

14   MR. MULHERIN:  Your Honor, the only thing I would

15   ask is that we be given -- that we be given seven days to

16   consider it.  And if we want to file a response, we'd be able

17   to file a response in seven days.

18   THE COURT:  Oh, no.  You guys are prolonging the

19   issue.  Have you looked at the document?

20   MR. MULHERIN:  I have.  Your Honor, I think my

21   concern is I believe the protective order is too broad at

22   this point in time and that what they're attempting to do is

23   make public record confidential and so there are -- there are

24   some criminal aspects of this case that are a matter of

25   public record that they would seek to make part of the

1  protective order, which I think is improper, and I think it's

2  overly broad.

3       THE COURT:  And there's some public matters in

4  there.

5       MR. RICHARDSON:  There are a lot of things that were

6  public.

7       THE COURT:  I understand.  So is there any way to do

8  a limited request for protective order?

9       MR. WILLIAMS:  I would say -- yeah, we could limit

10 anything that is a matter of public record we would not seek;

11 but in terms of conduct that is not part of the public record

12 or not part of any criminal action, in other words,

13 post-criminal --

14      THE COURT:  Would that satisfy, defense?

15      MR. RICHARDSON:  It depends on what you're talking

16 about in terms of public record.  And without getting into --

17 without -- I don't want to divulge things in an open

18 courtroom that the plaintiff is asked to be --

19      THE COURT:  I understand.

20      MR. RICHARDSON:  You know, I think -- I don't think

21 that that covers the ambiguity here and without getting into

22 it where this Court can consider the issue outside of the

23 public sphere, I just -- I'm trying to be sensitive to that,

24 your Honor.

25      MR. WILLIAMS:  And I appreciate it and I take

1   counsel's point.  And just to clarify the limitation we'd be

2   willing to agree to is anything that is public in the sense

3   it's filed on the court docket, whether it's civil or

4   criminal.

5          THE COURT:  Okay.  And portions that are sensitive

6   and not public record, that's the only portion you're asking

7   to be under seal?

8          MR. WILLIAMS:  Correct.

9          MR. RICHARDSON:  Right.  So again, there are things

10  that were put into the public domain by Mr. Murdock.

11         THE COURT:  Whether it's in public records or not.

12         MR. RICHARDSON:  Whether it's in -- that was put --

13         THE COURT:  He put it in public domain, he put it in

14  public domain.

15         MR. RICHARDSON:  Exactly.

16         THE COURT:  He cannot --

17         MR. WILLIAMS:  Judge --

18         THE COURT:  -- ask protective order on something

19  like that, you know.

20         MR. WILLIAMS:  Judge, we're talking about Facebook

21  posts that they went and investigated.

22         THE COURT:  I don't know anything, whether Facebook

23  or anywhere else, that he put in the public domain himself or

24  were put on public domain.  It's in the public domain.

25  Things in the public domain, why should I issue an order to

1  be protected in this court?

2         MR. WILLIAMS:  This is an individual who is

3  voluntarily seeking to withdraw as a named plaintiff.  He

4  doesn't want to proceed.  The only purpose -- there's no

5  purpose relating to this case in putting this in the public

6  record.  The only purpose to do so is to embarrass or harass

7  him.  And we're not talking about things that had been

8  adjudicated.  Those, we would agree to exclude from any kind

9  of protective order.

10         THE COURT:  Okay.  Your motion for summary judgment

11  did not even include this individual.

12         MR. WILLIAMS:  Correct.

13         THE COURT:  So what's the difference with defense

14  counsel whether -- now that he's totally basically out.  It's

15  not even included in the summary judgment motion.  What's the

16  difference what happened in his filing?

17         MR. RICHARDSON:  Two things:  A, he's not out.  He's

18  in but they're seeking leave to substitute in.

19         THE COURT:  He's like putative class member?

20         MR. RICHARDSON:  Not -- no --

21         THE COURT:  Eventually.

22         MR. RICHARDSON:  -- not according to the motion.

23         MR. WILLIAMS:  Your Honor, we are -- just to be very

24  clear because I understand where counsel is -- there's a

25  question.  To be very clear, we're asking that Mr. Murdock be

1    removed as a named plaintiff --

2              THE COURT:  Named plaintiff.

3              MR. WILLIAMS:  -- regardless of whether Mr. Mitchell

4    is substituted in.

5              THE COURT:  But he is still a putative class

6    member.

7              MR. WILLIAMS:  He would still be a putative class

8    member but not a named plaintiff.

9              THE COURT:  Yeah.  So he's not a named plaintiff but

10   he is potentially one of -- let's say there are a million

11   class members --

12             MR. RICHARDSON:  Right.

13             THE COURT:  -- one of the million.

14             MR. RICHARDSON:  If he's being removed -- do you

15   have anything to add, Joe?

16             THE COURT:  He's been totally removed as named

17   plaintiff --

18             MR. WILLIAMS:  Correct.

19             THE COURT:  -- and the summary judgment motion did

20   not even address him.

21             MR. MULHERIN:  Well, your Honor, that has not been

22   finalized.  He has not been withdrawn and so with my

23   understanding --

24             THE COURT:  We're removing him right now right on

25   the record.

1          MR. WILLIAMS:  Thank you, your Honor.

2          THE COURT:  He's gone.

3          MR. MULHERIN:  Okay.

4          MR. RICHARDSON:  Okay.

5          THE COURT:  So the only issue remains whether the

6    substitute is going to come in or an additional person

7    Mitchell is going to come in as named plaintiff.

8          MR. RICHARDSON:  But the only caution is the

9    argument, if you look at the motion for leave -- and maybe

10   the best thing to do is to withdraw the protective order and

11   see what gets filed in the future is that part of the

12   argument is that Mr. Mitchell is in the same shoes as

13   Mr. Murdock and that's why there's no prejudice to bringing

14   in a new plaintiff that will require new discovery and --

15         THE COURT:  Do you want to just withdraw?

16         MR. WILLIAMS:  Yes.  Why don't we withdraw that and

17   then we will make the argument in our motion for class

18   certification that, if necessary, that it would be

19   appropriate to substitute named plaintiff so I will withdraw

20   that motion.

21         What I understand is you've granted an oral motion

22   to withdraw Mr. Murdock as a named plaintiff.  He's still a

23   putative class member --

24         THE COURT:  Correct.

25         MR. WILLIAMS:  -- but he's removed, correct?

1            THE COURT:  Correct.  Yeah.

2            MR. WILLIAMS:  Then I will withdraw him.

3            THE COURT:  So you've withdrawn the motion, okay.

4            MR. RICHARDSON:  Thank you, Judge.

5            THE COURT:  Okay.  Anything else?

6            MR. WILLIAMS:  Thank you, your Honor.

7            THE COURT:  Can I get you guys lunch or something?

8            MR. RICHARDSON:  We should buy you lunch, your

9    Honor.

10            THE COURT:  You can't buy me lunch.  You know that.

11    Okay, thank you.

12            MR. RICHARDSON:  Thank you.

13            MR. MULHERIN:  Thank you.

14        (Which concluded the proceedings in the above-entitled

15    matter.)

16                 C E R T I F I C A T E

17            I hereby certify that the foregoing is a transcript

18    of proceedings before the Honorable Samuel Der-Yeghiayan on

19    August 10, 2017.

20

21    */s/Laura LaCien*
                                    August 28, 2017
22    _____                Date
      Laura LaCien
      Official Court Reporter
23

24

25