```
 1                  IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3   DERELL PRUITT, et al.,           ) Docket No. 16 CV 5079
                                      )
 4          Plaintiffs,               )
                                      ) Chicago, Illinois
 5              vs.                   ) November 7, 2017
                                      ) 9:00 o'clock a.m.
 6   PERSONNEL STAFFING GROUP, LLC,   )
     doing business as MVP, et al.,   )
 7                                    )
            Defendants.               )
 8

 9
                   TRANSCRIPT OF PROCEEDINGS - Motion
10           BEFORE THE HONORABLE SAMUEL DER-YEGHIAYAN

11

12   APPEARANCES:
     For the Plaintiffs:       WORKERS' LAW OFFICE PC
13                             BY:  MR. CHRISTOPHER J. WILLIAMS
                               53 West Jackson Boulevard
14                             Suite 701
                               Chicago, Illinois  60604
15
     For Personnel Staffing,
16      Visual Pak, C&D,
        and MGA:               KOREY RICHARDSON LLC
17                             BY:  MR. ELLIOT S. RICHARDSON
                                    MS. MICHELE D. DOUGHERTY
18                             20 South Clark Street
                               Suite 500
19                             Chicago, Illinois  60603

20   For Segerdahl:            VEDDER PRICE PC
                               BY:  MR. JOSEPH K. MULHERIN
21                                  MR. NICHOLAS ANACLERIO JR
                               222 North LaSalle Street
22                             Suite 2600
                               Chicago, Illinois  60601
23
                     Laura LaCien, CSR, RMR, CRR
24                      Official Court Reporter
                219 South Dearborn Street, Suite 1902
25                     Chicago, Illinois  60604
                            (312) 408-5032
```

```
 1
 2   APPEARANCES:   (Cont'd)
 3   For Medline:            COZEN O'CONNOR
                             BY:  MR. JEREMY J. GLENN
 4                           123 North Wacker Drive
                             Suite 1800
 5                           Chicago, Illinois  60606

 6   For Georgia Nut:        GORDON & REES LLP
                             BY:  MS. STEPHANIE F. JONES
 7                           1 North Franklin
                             Suite 800
 8                           Chicago, Illinois  60606

 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1        (The following proceedings were had in open court:)
 2             COURTROOM DEPUTY:  16 C 5079, Pruitt, et al., versus
 3   Personnel Staffing Group, et al.
 4             MR. MULHERIN:  Good morning, your Honor.  Joel
 5   Mulherin on behalf of Segerdahl.
 6             THE COURT:  Good morning.
 7             MS. DOUGHERTY:  Good morning.  Michele Dougherty for
 8   Personnel Staffing Group, Visual Pak, Medline -- I'm sorry,
 9   Visual Pak, C&D Recycling, Metropolitan Graphic Arts.
10             THE COURT:  Okay.
11             MS. JONES:  Good morning, your Honor.  Stephanie
12   Jones on behalf of defendant Georgia Nut Company.
13             THE COURT:  Thank you.
14             MR. RICHARDSON:  Good morning, your Honor.  Elliot
15   Richardson for Personnel Staffing Group, Visual Pak Company,
16   C&D Recycling, and Metropolitan Graphic Arts.
17             THE COURT:  Thank you.
18             MR. GLENN:  Your Honor, on behalf of Medline
19   Industries, I'm Jeremy Glenn.
20             THE COURT:  Thank you.  One more.
21             MR. ANACLERIO:  Good morning, your Honor.  My name
22   is Nic Anaclerio and I also represent Segerdahl.
23             THE COURT:  Thank you.
24             MR. WILLIAMS:  Good morning, your Honor.  Chris
25   Williams here on behalf of the plaintiffs; and this is our
```

1  motion.  I note this morning that defendants filed a response
2  and so --
3           THE COURT:  Yes.  I saw it.
4           MR. WILLIAMS:  -- my suggestion, your Honor, we
5  could file a reply by Friday of this week.
6           THE COURT:  No.
7           MR. WILLIAMS:  This matter --
8           THE COURT:  No reply.  No.  I made a decision
9  already and now, counsel for plaintiff, you're asking to
10 substitute named plaintiffs again.  Defense is right, we
11 ruled on it and I'm not going to change my decision.
12          MR. WILLIAMS:  Your Honor, the distinction -- what
13 defense said in their response was that there had been no
14 material change.  That's not accurate.  On August 31st when
15 we stood before this Court, defense represented to the Court
16 the matter had been settled.  In fact, the matter had been
17 closed as we said and now the record of that is very clear
18 and it's obvious.
19          The other matter is that the trustee had abandoned
20 the claim; and when the case was closed, it lost jurisdiction
21 over the claim.  The trustee to this date has not regained
22 jurisdiction over that claim and that's an issue that's being
23 briefed before the bankruptcy court.  The trustee is
24 currently, in addition to our own opposition of the party in
25 interest, the plaintiff -- Mr. Peterson opposed the

1  settlement and the trustee is currently considering whether
2  or not to pursue the settlement.
3           So all of the representations that were made on
4  August 31st before this Court turned out not to be accurate
5  and that's a material change.
6           THE COURT:  I mean, the representations that were
7  made August 31st related to the bankruptcy.
8           MR. WILLIAMS:  The case was settled so the
9  bankruptcy, your Honor --
10          THE COURT:  Well, I believe you spoke on August
11 31st, counsel.
12          MR. ANACLERIO:  I did, your Honor.
13          THE COURT:  And tell me what you said on August
14 31st.
15          MR. ANACLERIO:  What I told your Honor then and what
16 remains true now is that Peterson's bankruptcy trustee who is
17 the sole owner of the claim Peterson and Mr. Williams were
18 purporting to advance here had settled with all of these
19 defendants.
20          THE COURT:  And you had a document, I believe, or
21 something you showed.  Didn't you?
22          MR. ANACLERIO:  We do.  We have --
23          THE COURT:  Or something.
24          MR. ANACLERIO:  We submitted to your Honor an email.
25          THE COURT:  That's it, email.

```
 1             MR. ANACLERIO:   It was directed from the trustee to
 2   Mr. Williams directing Mr. Williams to cease and desist.
 3             THE COURT:   Because it was settled.
 4             MR. ANACLERIO:   Well, because the trustee was the
 5   exclusive owner of the claim.
 6             THE COURT:   Had the exclusive owner of the claim.
 7   But why is that incorrect?
 8             MR. WILLIAMS:   Because the bankruptcy court has not
 9   approved it because the trustee lost jurisdiction over the
10   claim when he abandoned it and then the case was dismissed
11   because the trustee is currently -- there are a number of
12   issues with this agreement.   One is it purports to settle
13   Mr. Peterson's claims up to the present when, in fact, the
14   trustee only has jurisdiction up to Mr. Peterson's filing of
15   his bankruptcy petition.
16             Another is this is an unconscionable agreement in
17   that it preserves the rights of defendants to pursue actions
18   against Mr. Peterson and his counsel but releases all claims
19   of Mr. Peterson and his counsel against defendants.   This
20   is -- there are numerous problems.   But most importantly,
21   your Honor, is the trustee who they represented had settled
22   the case does not have jurisdiction over the case.
23             This is a matter that's going to be litigated in
24   front of the bankruptcy court and as you know, your Honor, a
25   settlement is not final -- a settlement is not reached until
```

```
 1   the bankruptcy court says a settlement is reached.  What
 2   we -- we don't disagree with their valuation of
 3   Mr. Peterson's claim of $25,000.  We think that's about
 4   accurate.  Then the issue that we have is it makes no
 5   consideration of attorneys' fees.
 6              THE COURT:  Mr. Williams, the bankruptcy court has
 7   to approve a settlement, you're correct; but when a
 8   bankruptcy is filed, doesn't the assets of that filer become
 9   the assets of the trustee?
10              MR. WILLIAMS:  Until the trustee abandons the claim,
11   your Honor, which is what happened in this case which is what
12   I represented to this Court on August 31st.  But
13   additionally, your Honor --
14              THE COURT:  Let me ask counsel for Segerdahl, did he
15   withdraw his claim?
16              MR. ANACLERIO:  No.
17              THE COURT:  Did he abandon it?
18              MR. ANACLERIO:  The trustee was appointed.  The
19   trustee had authority.  The trustee had exclusive authority.
20   The trustee did not abandon the claim.  It was an error on
21   the docket that was corrected.  Mr. Williams has attempted to
22   seize it today and he tried to do it on the 31st.  He was
23   wrong then.  He's wrong now.  The trustee had authority to
24   settle the case and has done so.  There is a motion to
25   approve this settlement pending in the bankruptcy court.
```

```
 1              And what I find most egregious about the
 2   misrepresentation that your Honor has just been presented
 3   with by Mr. Williams is that his exclusive filing in the
 4   bankruptcy court was on behalf of himself.
 5              THE COURT:  I don't like the term like in my court
 6   misrepresentations, you know.
 7              MR. ANACLERIO:  Mr. Williams --
 8              THE COURT:  I'm just -- let's stick with the facts;
 9   not call --
10              MR. ANACLERIO:  Mr. Williams has argued to you
11   now --
12              THE COURT:  That's better.
13              MR. ANACLERIO:  -- that there are bases for
14   vitiating this settlement's efficacy in the bankruptcy court
15   and yet he's filed nothing in the bankruptcy court to even
16   remotely suggest that.  The only thing he's filed is his own
17   claim --
18              THE COURT:  Okay.
19              MR. ANACLERIO:  -- for a fee in an amount that would
20   surpass the total of the settlement he just said was a fair
21   and reasonable settlement.
22              THE COURT:  Okay.  Separate -- that's a separate
23   issue.
24              MR. WILLIAMS:  Your Honor, it isn't --
25              THE COURT:  Right now -- one second.  Right now
```

1    before me is plaintiff's renewed motion to substitute named
2    plaintiff representatives, which I had ruled.  Now can we --
3    I'm asking the question to the defense, can we move forward
4    with summary judgment motions right now?
5               MR. ANACLERIO:  Your Honor, I don't believe that
6    that -- that would be appropriate and the reason why is
7    because the summary judgments, which are entirely legitimate
8    summary judgments, are targeted at plaintiffs who were
9    dismissed already because they have no standing to press
10   these claims due to the bankruptcy --
11              THE COURT:  And there is no plaintiff left --
12   there's no plaintiff left for you to file summary judgment?
13              MR. ANACLERIO:  There's no plaintiff left.  That's
14   why Mr. Williams has misstyled the current motion as a motion
15   to substitute but a substitution implies there is someone for
16   whom you would substitute but there isn't.
17              THE COURT:  Okay.  There isn't anybody left, you're
18   saying?
19              MR. WILLIAMS:  Your Honor, your Honor, the reason
20   it's renewed is we made this originally when Mr. Murdoch was
21   in the case and was asking to be relieved as a class
22   representative or a named plaintiff based on personal
23   reasons.  We moved to substitute Mr. Mitchell at that time
24   for Mr. Murdoch and that's what we're renewing now.  And
25   while the bankruptcy proceeding is related, it's really not

1   on point here.
2           My only point in raising the bankruptcy issue is
3   that that bankruptcy proceeding is going to go on for some
4   time before a determination -- it's likely to go on for some
5   time before a determination is made as to whether
6   Mr. Peterson and Mr. Pruitt are proper representatives.  The
7   only thing -- the only reason that Mr. Mitchell or any other
8   class member can't file a new lawsuit and a new charge -- and
9   actually, there is no reason they can't except that the
10  Seventh Circuit has said we should avoid such absurdities and
11  such redundancies because a class member -- one class member
12  can piggy-back on another class member's charge.  And as the
13  Seventh Circuit said in *Phillips versus Ford Motor Company*
14  that substitution of named class member for named plaintiffs
15  who fall out of the case because of settlement or other
16  reasons is a common and normally an unexceptional routine
17  feature of class action litigation.  One case that defendants
18  relied on in their response in *Randall* the court denied that
19  because the plaintiffs were dilatory.  When they knew there
20  was a problem, they waited too long.
21          So, your Honor, we are bringing this back here in
22  light of the new information about the bankruptcy, the fact
23  that this is likely to extend much longer than defendants
24  misrepresented to this Court and we are attempting not to be
25  dilatory because these same defendants, I'm quite sure, will

1   happily come back in here and say well, you know, your Honor,
2   you should deny the substitution now because they waited too
3   long.
4          So we brought this now.  There's no reason this case
5   on behalf of a class should not move forward under Seventh
6   Circuit law when there is another class member willing to
7   step forward and serve the role of named plaintiff in place
8   of Mr. Murdoch.
9          THE COURT:  Okay.  One second.  I don't need to hear
10  anything more.  Plaintiff has had many chances to have a
11  plaintiff representative.  They all fallen out.  No plaintiff
12  representative is left.  Summary judgment was stayed at that
13  time.  We struck all the motions and stayed.  And right now,
14  there's a renewed motion for a substitute plaintiff.  I'm not
15  going to change my mind.  I will not have substitute for
16  someone that doesn't exist.  It would be prejudicial to the
17  defendants.  There is one, two, three, four, five, six
18  lawyers here every time now when we're addressing these
19  issues and it would be prejudicial to all the defendants.
20         Having no plaintiff left, summary judgment cannot
21  proceed.  This action is dismissed.  That's the Court's
22  ruling.
23         MR. RICHARDSON:  Thank you, your Honor.
24         MR. ANACLERIO:  Thank you, your Honor.
25         MR. WILLIAMS:  Thank you, your Honor.

```
 1       (Which concluded the proceedings in the above-entitled
 2  matter.)
 3                      C E R T I F I C A T E
 4        I hereby certify that the foregoing is a transcript
 5  of proceedings before the Honorable Samuel Der-Yeghiayan on
 6  November 7, 2017.
 7
 8  /s/Laura LaCien
    _____            November 9, 2017
 9  Laura LaCien                              Date
    Official Court Reporter
10
```